WINE v. NEWCOMB, ENDICOTT & CO.

1. NEGLIGENCE — PERSONAL INJURIES — EVIDENCE — QUESTION FOR JURY.

In an action for personal injuries caused by a fall, testimony by plaintiff that while she was shopping with her daughter in defendant's store, and while passing down an aisle plaintiff fell and was injured, and testimony by the daughter that she noticed her foot was in contact with a rope or cord on the floor, that she turned to warn her mother just as the latter fell, and that a loop or coil of the rope was about the foot or ankle of the mother, raised a question for the jury as to what brought about plaintiff's fall. KUHN, BROOKE, and FELLOWS, JJ., dissenting.

2. SAME—TRIAL—INSTRUCTIONS.

It was error for the trial court to neglect to submit to the jury the question as to whether plaintiff tripped on the rope or cord, as controlling of the question of defendant's negligence, as requested by plaintiff's counsel. KUHN, BROOKE, and FELLOWS, JJ., dissenting.

3. SAME—CONTRIBUTORY NEGLIGENCE—TRIAL—INSTRUCTIONS.

In the absence of testimony that plaintiff was acting any differently from ordinary people in going about the store, an instruction by the trial court that "one who enters a busy store must keep his wits about him; he must pay attention to his surroundings, and he cannot go hither and thither absent-minded, thinking of some particular subject and shutting his eyes to everything else; * * * such inattention is a want of that ordinary care which the safety of society requires of sane persons of mature age to exercise," was erroneous.

4. SAME—CONTRIBUTORY NEGLIGENCE—SAFE PLACE.

As a general proposition, a customer in a store has the right to rely upon the safety of passage along passageways used by customers.

5. SAME—OBSTRUCTIONS.

A customer in a store is not bound to anticipate that there would be any obstruction on the floor, such as a coil of rope or cord.

See notes in 21 L. R. A. (N. S.) 456; L. R. A. 1915F, 572.

6. SAME—EVIDENCE—IDENTITY OF DEFENDANT.

    Where the record showed that a corporation named as defendant was organized to carry on the business of selling dry goods at retail in Detroit, testimony that plaintiff was shopping in the store of this corporation when she was injured, *held*, sufficient to show that the store in which plaintiff was injured was owned and operated by defendant.

7. EVIDENCE—JUDICIAL NOTICE.

    The court will not take judicial notice of the fact that many large stores apparently owned and operated by one company have departments operated and controlled by entirely separate corporations.

8. SAME—MASTER AND SERVANT—INFERENCES—NEGLIGENCE.

    Testimony that an apparent employee of defendant was engaged in taking down some decorations in defendant's store, and had in his hand one end of the rope or cord over which plaintiff, a customer, tripped and was injured, was sufficient to warrant the inference that said person was an employee of defendant.

Error to Wayne; Des Voignes, J., presiding. Submitted June 12, 1918. (Docket Nos. 4, 5.) Decided December 27, 1918.

Case by Meyer Wine against Newcomb, Endicott & Company for personal injuries to plaintiff's wife. Case by Leah Wine against Newcomb, Endicott & Company for personal injuries. The causes were heard as one. Judgment for defendant. Plaintiffs bring error. Reversed.

*Selling & Brand*, for appellants.

*Keena, Lightner, Oxtoby & Hanley*, for appellee.

OSTRANDER, C. J. Testimony for plaintiff (none was offered by defendant except that of a medical man, called, for convenience, out of order) tended to prove that on January 4, 1915, while Leah Wine and her daughter were shopping in defendant's store and

were passing along an aisle, or space, set with tables displaying goods, the mother, Leah, fell to the floor, sustaining severe physical injury. The mother, a witness in her own behalf, does not state what caused her to fall, and nothing in her testimony tends to prove negligence of defendant. The daughter accompanying her testified, in substance and effect, that just before her mother fell she noticed that her own foot was in contact with a rope or cord on the floor and that she had turned to call her mother's attention to it just as she fell. She saw, she said, a man, apparently an employee, removing holiday decorations, who was handling a rope or cord, some of which was upon the floor and coiled, or in loops, one end or length of which he held and one loop or coil of which was about the foot or ankle of her mother after she had fallen. It slipped off when she was assisted from the floor. The person who was handling the rope or cord and another helped Leah, took her to the next room, and one of them sent for a physician.

When plaintiff's case was concluded, defendant moved for a directed verdict in its favor and, the motion being denied, rested. The case was submitted to a jury, and a verdict for defendant was returned. A motion for a new trial was refused.

Meyer Wine is husband of Leah Wine. He also began a suit against the defendant for damages for the injury resulting to him on account of the facts stated and the sums disbursed by him in curing his wife. The causes were heard together, submitted to the same jury, with the same result.

For Leah Wine it is assigned as error (1) that the court refused a new trial, (2) that the court submitted to the jury whether plaintiff was guilty of contributory negligence, (3) that certain of plaintiff's requests to charge were refused, (4) that the court wrongly instructed the jury, (5) that counsel for de-

fendant made improper argument to the jury which, when challenged, was allowed to go unrebuked.

In denying the motion for a new trial, after discussing and overruling the various grounds assigned therefor, the court said:

"I am constrained to say that in any event there is no necessity for reviewing these several assignments of error, because I am now convinced that under the evidence produced in this case the court at the conclusion of plaintiff's case should have granted defendant's motion for a directed verdict."

The reasons for this conclusion are not stated beyond this, that in the same opinion it is recited that

"defendant moved for a directed verdict on the ground that under the evidence plaintiff had shown no act amounting to actionable negligence on the part of defendant."

And it is further stated in the opinion:

"On the argument to the jury defendant's counsel, contended that from the cross-examination of Mrs. Wine it developed that it was just as probable to conclude that she tripped by stepping on the skirt of her dress as upon the coil of cord or rope. Mrs. Wine admitted that she wore on the day of the accident a long dress skirt, and the jury could see the one she was then wearing; also that she was uncertain on her feet, very stout and heavy in physique."

The appearance of Leah Wine and the length of the dress she wore may have impressed the jury favorably to the idea that it was at least uncertain whether the rope or twine was the cause of her fall. The testimony of her daughter, the only testimony pointing to defendant's negligence, when read with that of the mother, whatever the appearance of the mother, raised a question of fact for the jury as to what brought about her fall. The daughter did not see her mother fall. The mother, as has been stated, does not account for the fall. The cord or rope is the only cause for

the fall asserted by the plaintiffs. If this question was properly submitted, plaintiffs must be contented with the verdict.

The assignments of error are in each case the same. Upon the subject of defendant's alleged negligence the court advised the jury:

"The question is, Was this injury caused or produced, and does she suffer by reason of the negligence on the part of the defendant here, and should the defendant, by reason of such negligence, be required to respond in damages?

"In considering this question, gentlemen, as to negligence, a customer entering the store of a retail merchant by invitation has a right to believe that there are no concealed sources of danger and is not required to be on the look-out for the unusual thing. Is it a usual or unusual circumstance for a mercantile concern whose store is open for business, to have in its aisle a rope or cord? Was it in this instance so placed that a customer might reasonably be expected to stumble? Had Mrs. Wine no reason to suspect that such a condition ought to have existed, or is she chargeable with negligence in not anticipating such a circumstance?

"Where a mercantile establishment, by its advertising or otherwise, as I have stated, invites people to go upon its premises to inspect goods, does it assume to all who accept the invitation, the duty to warn them of any danger in coming, which is known to the employees of the mercantile establishment, or ought to be known of by them. Note the language of that, gentlemen, when you come to analyze the question of liability here; that is, was the danger known to the employees of the mercantile establishment, should they have known it, or was it by reason of the circumstances of the case unknown to him?

"Mrs. Wine was not charged with the duty of anticipating that there would be lying across the aisle of the defendant's floor any such obstruction as the one over which she tripped, or claimed to have tripped. Now, gentlemen, in analyzing this proposition as to whether or not there was negligence on the part of

the defendant, you should inquire of the testimony and determine among other things, was this cord found wrapped about the leg or foot of Mrs. Wine when she fell? Inquire from the testimony and determine whether, from the facts as they are adduced here, whether the fall was occasioned by the cord so wrapped about her foot. Inquire of the evidence and determine what, if anything, is shown as to whether one end of the cord was in the hands of the defendant's employee at the time. If it was, whether anything at that time done by the employee of the defendant had a tendency to increase the danger or hazard. In fact, gentlemen, analyze all this testimony.

"It is the claim of the plaintiff in this case that this cord was of a material that permitted a loop as it lay on the floor, to stand up, and that by reason of that, in walking along she put her foot in that cord, and that there was quite a quantity of the rope or cord upon the floor, and that by reason of this entanglement it threw her down. Upon the other hand, gentlemen, the defendant contends that the dress of Leah Wine being rather long, that it is just as well to find that she was in the act of leaning over in examining the goods upon the table, that her dress being perhaps to some extent upon the floor, she stepped upon it, tripped, and that occasioned the fall. In other words, gentlemen, analyze the evidence in the case and determine, if you can, whether or not this cord occasioned the fall. You will have to be satisfied by a preponderance of the evidence that her fall was occasioned by this cord. You cannot find the defendant in this case liable unless you determine the proximate cause of her falling was due to the fact of this entanglement of her foot in this rope or wire, cord.

"If you find the defendant was not negligent you need consider this case no further but return to this court with a verdict of no cause of action.

"If, upon the other hand, you find that the defendant was negligent, then you will pass to the next proposition: Was the plaintiff guilty of contributory negligence?"

If any rule for determining defendant's negligence was given, it must be found in the foregoing. I feel

compelled to say that no rule is stated. It is patent that the fact that plaintiff tripped on the rope or cord, while it was a necessary fact to be found, was not made controlling or conclusive of defendant's negligence. While plaintiff's requests to charge upon this subject are somewhat discursive, they ask for a rule, and in substance for a proper rule, for determining defendant's negligence.

Upon the subject of the duty of the plaintiff the jury was told:

"One who enters a busy store must keep his wits about him and pay attention. He must pay attention to his surroundings, and he cannot go hither and thither absent-minded and thinking of some particular subject, and, shutting his eyes to everything else. Such inattention is sometimes dangerous to the person himself, and quite as often to his neighbors. Such inattention is a want of that ordinary care which the safety of society requires of sane persons of mature age to exercise, and for which they are civilly responsible."

This was, in any event, an erroneous statement of the law as applied to the facts of this case. It does not appear that plaintiff was acting differently from ordinary people who visit establishments like that of defendant to examine merchandise—to shop. As a general proposition, a customer in such a place has the right to rely upon the safety of passage along passageways used by customers. *Brown* v. *Stevens,* 136 Mich. 311; *Bloomer* v. *Snellenburg,* 221 Pa. 25 (21 L. R. A. [N. S.] 464, 69 Atl. 1124). The court was requested to so instruct the jury. But there was no evidence of any negligence of plaintiff contributing to her injury. She did not see the rope, or cord, on the floor, and, as the court said to the jury, she was not bound to anticipate that there would be any such obstruction.

There are other assignments of error, not consid-

ered in view of the fact that the points raised are not likely to arise upon a new trial.

The appellee says that in any event the judgment was right and should not be reversed because (1) plaintiff did not introduce competent evidence that the store in which plaintiff was injured was owned and operated by defendant, (2) there was no proof that the young man who was taking down the decorations and had some of the cord in his hand was an employee or in any way subject to the control or supervision of defendant, (3) there was no proof as to the person who put, or allowed to be put, the cord in the aisle, whether it was the young man referred to, some customer in the store, or any other person, (4) there was no evidence that the cord had been in the aisle at all before the moment the daughter of plaintiff saw it, which was almost the instant of the accident, and, therefore, there is no evidence of notice to the defendant, (5) there was no proof as to what caused the cord to fall, whether through negligence of any one or by accident, (6) there was no competent evidence that the cord was what caused the plaintiff to fall. Excepting, perhaps, the last point stated, it does not appear that any of these questions was presented to or considered by the trial court. And none of them can upon this record be resolved in favor of defendant as a matter of law.

The defendant is charged as a corporation, and the plea is the general issue. The testimony is to the effect that plaintiff was injured in the place of business of the defendant. It is said this is not enough in view of the well known custom of which the court will take judicial notice that many large stores apparently owned and operated by one company have departments operated and controlled by entirely separate corporations, and plaintiff is bound to prove that the particular department in which she was injured

was owned and controlled by defendant. The court knows of no such custom as is referred to and doubts if there is in fact such a custom. The record shows there is a corporation named as defendant is named, organized to carry on the business of selling dry goods at retail in Detroit. The testimony is that plaintiff was in the store of this corporation when she was injured.

Some inferences may be drawn from the fact that one is employed in a place of business, apparently doing the work of an employee. And the case differs from *Toland* v. *Paine Furniture Co.*, 175 Mass. 476 (56 N. E. 608), where a customer fell over a mat on the floor, the mat being curled up, and from *De Velin* v. *Swanson* (R. I.), 72 Atl. 388, where a customer slipped on a banana peel on the floor. In the case at bar, there is evidence of the active agency of an apparent employee of defendant in making the passageway unsafe.

The other points are answered by what has already been said.

The judgment is reversed and a new trial granted, with costs to appellants as of a single appeal.

BIRD, MOORE, STEERE, and STONE, JJ., concurred with OSTRANDER, C. J.

KUHN, J. (*dissenting*). Accepting the proof offered in support of plaintiffs' case in the light most favorable to their contention, I am convinced that there was no evidence of any negligence on the part of the defendant to warrant the submission of the case to the jury. The testimony discloses that the young man had a piece of cord in his hand and was apparently taking down some Christmas decorations, and that he inadvertently dropped it in the aisle. There is no proof that it was in the aisle before the moment that it was discovered by Mrs. Blaustein, the daughter of

the plaintiff, who saw it when she felt it, according to her claim, against her foot, and that immediately thereafter, upon turning, she saw her mother fall to the floor. The evidence, therefore, as to the length of time that the cord was on the floor would clearly indicate that it was only a second or two from the time when the cord was first seen by any one to the time of the accident. There is no evidence that the defendant knew, or in the exercise of reasonable care ought to have known of the presence of the cord in the aisle, or that there was any negligence on its part in failing to remove it. Accepting the plaintiffs' theory of the case, in my opinion what occurred was simply an unavoidable accident, for which the defendant should not be held responsible. I am of the opinion that the learned judge might properly have directed a verdict for the defendant, as he intimates he should have in his denial of the motion for a new trial, and that there was no error in allowing the verdict of the jury to stand in finding that the plaintiff had no cause for action. I therefore cannot concur with the opinion of the Chief Justice.

The judgment should be affirmed.

BROOKE and FELLOWS, JJ., concurred with KUHN, J.