LAUGHTON v. CITY OF DETROIT.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—REASONABLE CARE—DI-
RECTED VERDICT.
Pedestrian who saw sign and diagonal brace supporting it,
erected in public place in front of city hall, but who, in going
around sign, failed to use reasonable care, with result that
his toe caught in angle iron, to which supporting brace was
fastened, and was injured, was guilty of contributory negli-
gence as matter of law.

Appeal from Wayne; Searl (Kelly S.), J., presid-
ing. Submitted April 14, 1933. (Docket No. 46,
Calendar No. 37,111.) Decided May 16, 1933.

Case by Raymond Laughton against City of De-
troit, a municipal corporation, and Walker & Com-
pany, a Michigan corporation, for personal injuries
alleged to have been caused by defendants' negli-
gence. Judgment for defendants. Plaintiff ap-
peals. Affirmed.

*Longley, Bogle & Middleton,* for plaintiff.

*Clarence E. Wilcox,* Corporation Counsel, and
*James R. Walsh,* Assistant Corporation Counsel,
for defendant city.

*Monaghan, Crowley, Reilley & Kellogg,* for de-
fendant Walker & Company.

SHARPE, J. In October, 1930, the defendant
Walker & Company erected a large sign or billboard,
used for advertising the coming meeting of the
American Legion, in what is known as the Campus
Martius, a triangular piece of land partly facing the

city hall in the city of Detroit. This land is inclosed by sidewalks, and is itself covered with concrete. It is frequently used by pedestrians in crossing from one street to another. The sign was supported by a diagonal brace attached to it at or near the top and running to an angle iron fastened in the concrete and extending three inches above it. It paralleled Woodward avenue. A fountain in the Campus stood near the sign.

At about 9:30 o'clock in the evening of November 8, 1930, the plaintiff came down the east side of Woodward avenue to the Campus. He desired to take a street car on Monroe avenue across the Campus. He had not been in that part of the city since the sign was erected. He saw the sign when a few feet from it, and also the diagonal brace, and moved to his left to get around it, but his toe caught on the angle iron and he fell, and, as he claims, seriously injured the wrist of his right hand. He brought this action to recover the damages for such injury.

The case was tried before the court without a jury. He found that it was plaintiff's—

"duty, when he discovered that this structure had been erected since he had last passed over the Campus Martius, to use care and caution in passing around in back of it. Had he used the care and caution of a reasonably prudent man, under all the circumstances, he would not have been injured. I find that he was guilty of contributory negligence, and therefore cannot recover against the defendants or either of them."

From a judgment entered pursuant thereto, the plaintiff has taken this appeal.

If we consider the evidence, in which there is little or no dispute, in the light most favorable to the

plaintiff, we cannot but say that it supports the finding of the trial court. When the plaintiff saw the obstruction and the diagonal brace supporting it, he should have known that it was attached in some way to the concrete. It appears that the street at that point was well lighted. It was incumbent on him to use reasonable care in passing around the sign, and that we find he did not do.

The judgment is affirmed, with costs to defendants.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.