## KEECH *v.* CLEMENTS.

1. NEGLIGENCE—PRESUMPTIONS.

   Negligence will not be presumed from the happening of an accident which extreme surveillance might have prevented, when reasonable care does not eliminate the possibility of an occasional mishap.

2. SAME—DANGEROUS CONDITION OF PREMISES.

   Where charge of negligence is failure to maintain premises in a reasonably safe condition, to enable a plaintiff to recover there must be proof that the unsafe condition was known to the one on whom the duty rested, or that the character of the danger or the passage of time was such that knowledge of the menace should have come to the reasonably prudent incumbent.

Duty of possessor of premises to business visitor (invitee), see 2 Restatement, Torts, § 343.

Negligence a question for the jury, see 2 Restatement, Torts, § 285(a), comment d.

3. Same—Business Premises—Care of Floor of Vestibule.
   Reasonable care of the floor of a vestibule of a place of business does not require that it be free from evidences of the weather conditions outside at every moment of the business day.

4. Same—Invitees—Standard of Care Required as to Invitees.
   One who invites, expressly or by implication, another upon his premises is duty-bound to exercise ordinary care and prudence to render the premises reasonably safe for the visit and the invitee has a right to assume the incumbent would use ordinary care to render the premises safe for purpose for which they were constructed.

5. Appeal and Error—Directed Verdict—Evidence.
   When a verdict is directed against a plaintiff, the Supreme Court must consider the plaintiff's testimony in its most favorable light.

6. Innkeepers—Negligence—Hotel Vestibule—Lights—Snow—Presumptions.
   One visiting friends residing in a hotel has a right to assume that the hotel management knew that hotel vestibule was dimly lighted; that because of its darkened condition the vestibule was reasonably safe for travel; and that snow would track into the vestibule and, unless removed, would become slushy.

7. Same—Hotel Vestibule—Negligence—Contributory Negligence—Questions for Jury.
   In action for injuries sustained by plaintiff when she fell in dimly lighted, 4' x 5' hotel vestibule, the floor of which was covered with about an inch of slush, whether or not defendant hotel owners were negligent in maintaining premises and plaintiff guilty of contributory negligence were questions for consideration by jury.

Appeal from Wayne; Murphy (George), J., presiding. Submitted June 3, 1942. (Docket No. 27, Calendar No. 42,017.) Decided September 9, 1942.

Case by Jennie Keech against Edna Jane Clements, Edna Louise Clements, and Charles L. Clements, copartners, doing business as Hotel Victory, for damages for personal injuries sustained from slipping and falling in a vestibule. Directed verdict

and judgment for defendant.   Plaintiff appeals. Reversed and remanded.

*Bloom & Bloom,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

SHARPE, J.   Plaintiff brought an action to recover damages for personal injuries sustained on the night of February 18, 1940, by falling in the vestibule of defendants' hotel situated on the corner of Randolph street and Jefferson avenue in the city of Detroit.   At the close of plaintiff's proofs and upon motion of defendants, the court directed the jury to bring in a verdict in favor of the defendants. Plaintiff appeals.

Defendants are the owners of the Hotel Victory. This hotel has two vestibules for the purpose of ingress and egress; one is built out and fronts on Randolph street and the other faces Jefferson avenue.   The Jefferson avenue vestibule, where the accident took place, is about four by five feet in size and has two wooden doors with glass panels.   One door swings out towards the street and the other door opens into the lobby.   The partitions are of glass from above the door to a wooden base which is about 8 or 10 inches above the floor with a moulding or casing around the bottom.   The floor is constructed of marble or tile and worn to a certain extent.   The vestibule is so constructed that it retains water or slush that may from time to time accumulate there.

There was an electric light fixture installed in the vestibule, but at the time of the accident the light was not burning.   The only light that entered the vestibule came from two floor lamps in the lobby and a small light at the office desk.   On the day in question snow had fallen and an accumulation of slush an inch deep lay upon the vestibule floor.

Plaintiff, a married woman, was visiting friends in Detroit who were registered guests at defendants' hotel. At about the hour of 6:30 p.m., on the day in question, plaintiff and her friends entered the hotel by the Randolph street vestibule where there was a mat on the floor. In a short time they left the hotel through the same vestibule and went to a near-by restaurant where they had dinner. They stayed at the restaurant until about 9 p.m., when they returned to the hotel, entering it by the Jefferson avenue entrance. Upon entering the vestibule, plaintiff fell and suffered injuries because of which she was unable to work for a period of 15 weeks.

Plaintiff contends that there was a large accumulation of snow, slush, ice and other substances on the vestibule floor that had lain there long enough to become muddy and black; that she was prevented from seeing the condition of the floor due to darkness in the vestibule; and that an unusual and hazardous condition existed.

Defendants rely upon *Oppenheim v. Pitcairn,* 293 Mich. 475, to support their claim that plaintiff has failed to prove any negligence on the part of defendants. In that case plaintiff slipped on a smooth terrazzo floor of a railroad depot. The accident occurred in the afternoon. The floor was wet and slushy. In affirming a directed verdict for defendant, we said:

"Negligence will not be presumed from the happening of an accident which extreme surveillance might have prevented, when reasonable care does not eliminate the possibility of an occasional mishap. Where the charge of negligence is the failure to maintain the premises in a reasonably safe condition, we have always insisted upon proof that the unsafe condition was known to the one on whom the duty rested, or that the character of the danger or

the passage of time was such that knowledge of the menace should have come to the reasonably prudent incumbent. Cases based on the liability of a storekeeper to his business guests are applicable here. Proof of the wet and slushy condition alone does not warrant a finding of want of inspection or negligent failure to remedy the known situation. There must be further evidence that the water and slush remained by the door because of defendants' faulty supervision over the premises or because of the failure to mop the floor at intervals which would reasonably protect those entering the station. *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich. 697; *Filipowicz* v. *S. S. Kresge Co.*, 281 Mich. 90; *Evans* v. *S. S. Kresge Co.* (majority opinion on rehearing), 290 Mich. 698. Reasonable care does not require that the floor be free from evidences of the weather conditions outside at every moment of the business day. The fact that there was yet slush on the floor of the room indicates the likelihood that the condition could not have existed for any length of time. The trial court was right in concluding that negligence had not been proved."

It is also the rule that one who invites, expressly or by implication, another upon his premises is duty-bound to exercise ordinary care and prudence to render the premises reasonably safe for the visit. See *Blakeley* v. *White Star Line,* 154 Mich. 635 (19 L. R. A. [N. S.] 772, 129 Am. St. Rep. 496).

In *Coleman* v. *Washington Theatre Co.*, 294 Mich. 343, plaintiff was injured in going down a poorly lighted stairway. In affirming a judgment for plaintiff, we said:

"The fact that the premises were maintained in a somewhat darkened condition might have given added assurance of its being reasonably safe."

The *Oppenheim Case, supra,* is not controlling of the issue raised in the case at bar. In that case the

accident happened in the afternoon. The room where the accident occurred was heated, yet there was slush on the floor of the room indicating that it was of recent origin and limiting the possibility of defendant or its agents knowing of the condition of the floor. There was no combination of a small space which was poorly lighted with a slippery floor.

In view of the fact that a verdict was directed against plaintiff, we must consider her testimony in its most favorable light. She had a right to assume that defendants would use ordinary care to render the premises safe for the purpose for which they were constructed. She had a right to assume that because of the darkened condition of the vestibule it was reasonably safe for travel; and it must be assumed that the management of the hotel knew that snow would track into the vestibule and unless removed would become slushy. It must also be assumed that defendants through their management knew that the vestibule was dimly lighted. In our opinion the combination of a small space, slushy floor and dim lighting distinguishes this case from the *Oppenheim Case, supra,* and created a condition that made the negligence of defendants and the contributory negligence of plaintiff a question on which the minds of reasonable men might honestly reach different conclusions. We cannot say that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff has a right to have this question submitted to a jury.

The judgment is reversed and the cause remanded for trial. Plaintiff may recover costs.

CHANDLER, C. J., and STARR, BUTZEL, and BUSHNELL, JJ., concurred. BOYLES and NORTH, JJ., concurred in the result. WIEST, J., did not sit.