WIMMER *v.* COLMAN.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.
   On appeal from judgment for defendant notwithstanding verdict for plaintiff, the Supreme Court views the testimony in a light most favorable to plaintiff.

2. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.
   More than ,a fleeting glance at a car approaching same intersection as plaintiff is necessary if plaintiff seeks to avoid the burden of contributory negligence.

3. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—OBSERVATION OF DISTANCE AND SPEED.
   Driver of car in which his aunt, the plaintiff, was a passenger was guilty of contributory negligence as a matter of law, imputable to plaintiff, where it appears that while driving at speed of 20 miles an hour about 70 feet east of intersection of two city streets he observed lights on defendant's southbound car some 250 to 300 feet to the north therefrom, and when 5 or 10 feet east of corner saw defendant's car some 125 to 150 feet north and proceeded some 35 or 40 feet, nearly across 30-foot crowned dirt street, before rear end of car was struck by defendant.

BOYLES, C. J., and STARR and BUSHNELL, JJ., dissenting.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 8, 1943. (Docket No. 70, Calendar No. 42,542.) Decided December 29, 1943.

Case by Della Wimmer against George H. Colman for personal injuries sustained in .an automobile accident. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

Imputed negligence .of plaintiff's driver, see 2 Restatement, Torts, § 490.

*Mahlon J. MacGregor,* for plaintiff.

*Pelton & McGee,* for defendant.

Sharpe, J. This is an action for personal injuries suffered in a collision between an automobile owned by plaintiff's nephew, in which she was riding as a passenger, and an automobile owned and driven by defendant.

The accident occurred at approximately 7 p.m., on December 9, 1941, at the intersection of Harry and Russell streets in the city of Hazel Park, Oakland county, Michigan. Both streets are crowned dirt roads sloping off on either side to a ditch, or a grass or dirt shoulder. Both streets are about the same width, 18 to 19 feet in the traveled portion. Neither is a through street or protected by stop signs.

Plaintiff, a woman 54 years of age, was riding in an automobile owned and driven by her nephew. They were proceeding west on Harry street at a rate of speed of approximately 20 miles per hour. At the same time, defendant was proceeding south on Russell street. When plaintiff's driver was about 70 feet east of Russell street, he observed defendant's car on Russell street about 250 to 300 feet north of the intersection. Plaintiff's driver continued on at the same rate of speed until he was from 5 to 10 feet east of Russell street, when he observed that defendant's car was from 125 to 150 feet north of the intersection. Plaintiff's driver proceeded across Russell street and was struck when the rear end of his car was from 3 to 5 feet west of the traveled portion of Russell street. Plaintiff was severely injured as a result of the collision.

At the conclusion of plaintiff's case and again at the conclusion of all testimony, the defendant moved for a directed verdict upon the theory that plaintiff's driver was guilty of contributory negligence. The trial court reserved decision and submitted the cause to the jury under the provisions of the Empson act (3 Comp. Laws 1929, §§ 14531-14534, as amended by Act No. 44, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1943 Cum. Supp. §§ 27.1461-27.1464]). The jury rendered a verdict in favor of plaintiff in the amount of $1,500. Subsequently, the defendant filed a motion for judgment notwithstanding the verdict. This motion was granted by the trial court. Plaintiff appeals.

The rule is well known that where a judgment is entered for defendant notwithstanding a verdict for plaintiff, we must view the testimony in a light most favorable to plaintiff.

In deciding this case we have in mind that defendant in the operation of his automobile was guilty of negligence. The only question for review is whether or not plaintiff's driver was guilty of contributory negligence as a matter of law. The observations made by the driver of plaintiff's car and the heed paid to such observations are the determining factors in the case at bar.

In *Wells* v. *Oliver*, 283 Mich. 168, in speaking of the driver of plaintiff's car we said: "He was bound to observe and pay heed, while crossing, to traffic approaching the intersection from his right."

In *Nelson* v. *Linderman*, 288 Mich. 186, we said:

"Something more than a fleeting glance at an approaching car is necessary if plaintiff seeks to avoid the burden of contributory negligence."

In *Ayers* v. *Andary,* 301 Mich. 418, we said:

"If one is to make a proper observation of an oncoming car under the circumstances of the instant case, the observation must include not only the distance the approaching car is from the point of possible collision but also some observation and judgment of its approximate speed."

In the case at bar, plaintiff's driver, when about 70 feet east of Russell street, saw defendant 250 to 300 feet away. At that time plaintiff's driver was driving at a speed of approximately 20 miles per hour. He stated: "I figured this car to be coming about 20 to 25 miles per hour, I proceeded at the same speed." He next saw defendant 125 to 150 feet north of the intersection. At this time, plaintiff's driver was from 5 to 10 feet east of the east line of Russell street.

In speaking of defendant's car approaching, plaintiff's driver testified:

"I saw the defendant's car   *   *   *   the first time, 250 to 300 feet away.   *   *   *   I didn't look at it carefully. I glanced at it. I saw his lights and he didn't seem to be going too fast. I guessed him to be going 20 to 25 miles per hour."

"*Q.* Now, did you form an opinion at that time (second observation) whether or not it would be safe for you to cross?

"*A.* Yes, I figured I had plenty of time to go right on across."

"I travelled about 35 or 40 feet from the time I made my last observation to the time I was hit, and during this time the other car was coming from 125 to 150 feet. It had its lights on and I saw it, and knew it was coming. I did nothing to stop, to slow down or to increase. I proceeded on.   *   *   *   I don't think I made any further observation during the last 35 or 40 feet."

Having in mind that Russell street is approximately 30 feet wide, that the traveled portion of it is 18 to 19 feet wide, and that at the time plaintiff's driver saw defendant's car in the middle of the block, he was 5 to 10 feet east of Russell street, we find that plaintiff's driver had to travel the width of Russell street, about 30 feet, plus the distance he was east of Russell street, plus the length of his automobile or a total distance of approximately 45 to 50 feet, in order to reach a place of safety. In our opinion the driver of plaintiff's car failed to properly observe and heed the distance and speed of the approaching car. Such negligence bars recovery on the part of plaintiff.

The judgment of the trial court is affirmed, with costs to defendant.

CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred with SHARPE, J.

BOYLES, C. J. (*dissenting*). I do not agree that plaintiff must be held to have been guilty of contributory negligence as a matter of law. This was an issue of fact which was properly left to the jury.

The accident occurred at an intersection of two streets of equal priority as to traffic rights. The driver of plaintiff's automobile, proceeding west at 20 miles per hour, when 5 or 10 feet from the intersection observed defendant's automobile approaching from the north 125 to 150 feet distant. These two streets were dirt roads, each having one lane for traffic. Both drivers were proceeding down the center of their respective highways. Plaintiff's driver observed the speed and distance of defendant's automobile, formed the opinion that he had time to cross without an accident. He had crossed the north-south traveled portion of the intersection and the rear end of his automobile was 3 to 5 feet

west of the center traveled portion and clear of the north-southbound traveled part when the rear end of his automobile was struck by defendant's car. He had formed the correct judgment, because there would have been no accident if defendant had continued straight on through the intersection.

This is not a case to apply the "sudden emergency" or "last clear chance" doctrine, because defendant denies negligence and at no time has claimed sudden emergency as a defense. On the contrary, the defendant raised a clear issue of fact by claiming that the accident occurred in the *center* of the intersection. This issue was submitted to the jury. Defendant denied that he turned to his right. Plaintiff cannot be penalized when the facts show that her driver's judgment was correct.

I agree with the statement of Mr. Justice Sharpe:

"The observations made by the driver of plaintiff's car and the heed paid to such observations are the determining factors in the case at bar."

However, I reach a different conclusion.

There was a direct conflict of testimony as to whether the accident occurred in the intersection, or after plaintiff's automobile had passed the traveled portion of the defendant's north-south highway. After instructing the jurors that they were the judges of the credibility of the witnesses, the court instructed the jury that the defendant was guilty of negligence, that it was the duty of plaintiff's driver to yield the right of way to defendant, that if the accident happened in the center of the intersection that would end the case and the verdict should be no cause for action, but that if it happened west of the intersection, then "that raises a question of fact for your consideration." The physical facts as to where the cars showed damage, the

distance they went after the impact and the position they were finally in, the nature of the intersection, all were left to the jury and support the verdict. The court granted defendant's motion for judgment notwithstanding the verdict, on the ground that plaintiff's driver did not make, and continue to make, proper observation. This is not the controlling issue, because plaintiff's driver did make proper observation and the judgment he formed was correct. *Saunders* v. *Joseph,* 300 Mich. 479; *Pelham* v. *Keip,* 306 Mich. 500 (October 11, 1943). In *Lefevre* v. *Roberts* (syllabus), 250 Mich. 675, the court held:

"Whether truck driver was guilty of contributory negligence in proceeding to cross trunk line highway in front of approaching automobile 400 feet away, was question for jury, although he made no further observation of the automobile after starting across."

In *Lindzy* v. *Swaab,* 263 Mich. 264, plaintiff's automobile was struck "just as she had passed the center of the intersection." Held: that the question of contributory negligence was for the jury. To the same effect, see *Adams* v. *Canfield,* 263 Mich. 666; *Rathburn* v. *Riedel,* 291 Mich. 652.

The judgment should be set aside and the case remanded for entry of judgment on the verdict, with costs to plaintiff.

STARR and BUSHNELL, JJ., concurred with BOYLES, C. J.