## WASKELIS *v.* CONTINENTAL BAKING CO.

1. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—EVIDENCE.

   On review of an action in which a plaintiff has been found guilty of contributory negligence as a matter of law, plaintiff's testimony is considered in a light most favorable to him.

2. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—DISTANCE—SPEED.

   Plaintiff motorist approaching an intersection of city streets who observes defendant motorist approaching same intersection from left must not only make proper observation as to distance defendant's car is from point of possible collision but also make some observation and judgment of its approximate speed in order to avoid being held guilty of contributory negligence as a matter of law.

3. SAME—INTERSECTIONS—OBSERVATION—SPEED—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.

   Plaintiff, a westbound motorist who stopped his car some 25 feet east of easterly curb of through street 40 or 50 feet wide

Contributory negligence as a matter of law, see 2 Restatement, Torts, §§ 432, 463, comment b, 464, comment a, 465, 466, comment g; contributory negligence of plaintiff sufficient to bar recovery, §§ 467 and 475, comment a; standard of conduct defined, §§ 283–285.

with two sets of streetcar tracks in middle thereof, at 5 a.m. in mid-April, proceeded into intersection at speed of between 5 and 10 miles an hour, and front part of car had reached westerly tracks when struck by defendant's northbound truck which plaintiff at time of stopping had observed as being some 150 feet to the south and midway between curb and tracks but as to which he had formed no judgment as to speed and did not again observe it until it was within 20 or 30 feet to left, *held*, guilty of contributory negligence as a matter of law.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 3, 1945. (Docket No. 27, Calendar No. 42,898.) Decided February 20, 1945.

Case by Anthony Waskelis against Continental Baking Company for personal injuries sustained in a collision between automobiles. Cross declaration by defendant against plaintiff for damages to defendant's truck. Judgment for defendant of no cause for action. Plaintiff appeals. Affirmed.

*Roy A. McGinty,* for plaintiff.

*Kerr, Lacey & Scroggie (Wilfrid C. Dilworth* and *Benedict H. Lee,* of counsel), for defendant.

SHARPE, J. This case arises out of a collision at the intersection of Trumbull and Canfield avenues, in the city of Detroit, between plaintiff's automobile, which was being driven in a westerly direction on Canfield avenue, and defendant's truck, which was proceeding northerly on Trumbull avenue.

The only testimony appearing in the record is that of the plaintiff who testified that on the morning of April 14, 1942, at about the hour of 5 a. m., he was driving his automobile in a westerly direction on Canfield avenue in the city of Detroit toward the intersection of Canfield and Trumbull avenues; that it was dark at the time, but the street lights

were burning; that as he approached the intersection, he stopped his car at a stop sign located 10 or 15 feet east of the easterly curb of Trumbull avenue; that Trumbull avenue runs in a northerly and southerly direction and is about 40 to 50 feet wide, with two sets of streetcar tracks at or near its center; that Canfield avenue intersects Trumbull avenue at right angles; that as he stopped his car, he looked to the left or south and saw a truck approaching at a distance of approximately 150 feet approximately midway between the curb and the car tracks, but did not observe or form any estimate of the rate of speed at which the truck was approaching; that he proceeded into the intersection at a speed of between 5 and 10 miles an hour; that when the front half of his car was over the most westerly rail of the streetcar tracks, he saw defendant's truck coming 20 to 30 feet to his left; that at that time plaintiff was making a left turn, but when he saw the truck so close, he attempted to turn to the right and was struck by the truck causing great damage to the left center of his car. Plaintiff also testified that his car was 12 to 14 feet in length.

At the close of plaintiff's proofs, defendant made a motion for entry of judgment of no cause of action both as a matter of fact and as a matter of law based upon the contributory negligence of plaintiff.

The trial court granted the motion and said:

''I am constrained to grant the motion, because of plaintiff's own testimony that when he looked to the south he formed no judgment whatsoever as to the speed of the approaching vehicle. He did not even make a guess as to how fast the truck was coming in his direction. He saw the light 150 feet away, and then started up between 5 and 10 miles an hour, to get into the intersection. He certainly should have

informed himself, with a fair degree of accuracy, as to the speed of the car that was approaching, in order to satisfy himself, whether or not he could run the 15 feet from the easterly curb line of Trumbull into the intersection of Trumbull. It is his further testimony that approximately 30 feet away he saw the truck again at approximately the same time he was struck. There is no question in my mind but what the plaintiff did not act as an ordinarily prudent and careful person of his years and experience and intelligence would have acted under the circumstances.''

Plaintiff appeals and urges that the trial court was in error in sustaining defendant's motion. It is to be noted that the trial court did not make a determination of whether plaintiff was guilty of contributory negligence as a matter of law or fact. It is also to be noted that the trial court did not pass upon the negligence of defendant.

Insofar as any testimony is concerned there appears to be no dispute over the fact that when plaintiff first saw defendant's truck 150 feet away, it was traveling midway between the curb and the rail. There is an absence of testimony that the truck was traveling at an excessive rate of speed. The trial court could have found that the defendant was not guilty of negligence.

In our discussion of plaintiff's negligence, we shall assume that the trial court found plaintiff guilty of contributory negligence as a matter of law. In such cases we consider plaintiff's testimony in a light most favorable to him. He stated that he drove his car about 25 feet from the east curb line of Trumbull avenue when the collision occurred, at a rate of speed of from 5 to 10 miles per hour, without making any observation as to the speed of defendant's truck. We think the facts in this case are

similar to those in *Ayers* v. *Andary,* 301 Mich. 418. In that case, the driver of plaintiff's car saw defendant's car when it was 125 to 150 feet away from the intersection, yet attempted to cross the street traveling at a speed of 18 to 20 miles per hour. When half way across the street, plaintiff again saw defendant's car 30 to 35 feet away traveling at a speed of approximately 60 miles per hour. When plaintiff first saw defendant's car he made no estimate of its speed. We held plaintiff guilty of contributory negligence as a matter of law and said:

"Under the circumstances of this case an observation of an approaching car in close proximity without giving any consideration to the rate of speed at which it is approaching was quite futile. If one is to make a proper observation of an oncoming car under the circumstances of the instant case, the observation must include not only the distance the approaching car is from the point of possible collision but also some observation and judgment of its approximate speed."

In the case at bar, plaintiff stopped his car 10 or 15 feet from the intersection. His car was from 12 to 14 feet in length. He had to travel one half the distance across Trumbull avenue plus the length of his car before he would be in safe territory. He would have to travel a distance of between 42 and 54 feet to get to a place of safety while defendant traveled a distance of 150 feet.

Under the circumstances as above related and viewing the testimony in the light most favorable to plaintiff, he was guilty of contributory negligence as a matter of law.

The judgment of the trial court is affirmed, with costs to defendant.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.