WHITE v. HERPOLSHEIMER COMPANY.

1. Appeal and Error—Judgment Notwithstanding Verdict—Evidence.

Rule that on appeal from a judgment for defendant notwithstanding the verdict the testimony must be viewed in the light most favorable to plaintiff obtains even when there are inconsistencies in the testimony of plaintiff and her witness.

2. Negligence—Storekeeper to Provide a Safe Place for Customers.

A storekeeper is not an insurer of the safety of its customers but does have the duty to use proper care to provide a reasonably safe place for customers on its premises.

3. Same—Storekeeper—Question for Jury—Hazard for Customer.

Negligence of storekeeper was a question of fact for the jury under record containing evidence of a hazard created by portion of a child's swing protruding beyond the lane of other merchandise into a clearly defined aisle or passageway and over which plaintiff fell.

4. Same—Storekeepers—Knowledge of Dangerous Condition—Third Persons.

Storekeeper's claim that it had no notice or was not chargeable with notice that a child's heavy swing protruded into a clearly defined aisle or passageway was not tenable where there is no evidence that it had been moved into the aisle by a third person unbeknownst to defendant's employees

References for Points in Headnotes
[1] 3 Am Jur, Appeal and Error, § 945.
[2-7] 38 Am Jur, Negligence, § 131 et seq.
[2-7] Duty and liability respecting condition of store or shop. 33 ALR 181; 43 ALR 866; 46 ALR 1111; 58 ALR 136; 162 ALR 949.
[3, 5-7] 38 Am Jur, Negligence, § 356.
[5-7] 38 Am Jur, Negligence, § 348.

and without reasonable opportunity on their part to become aware of the situation.

5. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Contributory negligence of a plaintiff is a question for determination of the jury if the testimony presented as to such subject is such that the minds of reasonable men might have reached different conclusions with reference to the matter.

6. SAME—CUSTOMERS—CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

A customer in a store is not, as a matter of law, guilty of contributory negligence in failing to look out for danger where there is no reason to apprehend danger.

7. SAME—CUSTOMERS—CONTRIBUTORY NEGLIGENCE—OBSTRUCTION IN AISLE AT STORE.

Trial court erred in holding plaintiff, a customer, guilty of contributory negligence as a matter of law in her action against storekeeper for injuries sustained by reason of tripping over a flat portion of a child's heavy swing support that extended into clearly defined aisle or passageway and which support she had failed to discover.

REID, DETHMERS, and BUTZEL, JJ., dissenting.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J.   Submitted January 6, 1950.   (Docket No. 7, Calendar No. 44,602.)   Decided April 11, 1950.

Case by Mabel White against the Herpolsheimer Company for personal injuries sustained when she fell in defendant's store.   Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals.   Reversed and remanded for entry of judgment on verdict.

*Hoffius & Van Koevering,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendant.

CARR, J. While in defendant's store in the city of Grand Rapids, plaintiff fell, sustaining injuries for which she seeks to recover damages in this case. The accident happened on or about August 1, 1946. It was plaintiff's claim in the trial court, as set forth in her declaration, that she was in defendant's store as a customer and invitee, that it was the duty of defendant to maintain the premises and particularly the aisles therein in a safe condition for use by plaintiff, that such duty was violated by placing a swing in such position that the lower portion protruded inconspicuously into an aisle in such manner as to create a hazard, and that, without negligence on her part, she caught her foot on the protruding portion of the swing, which resulted in her fall. Defendant's answer denied all allegations of negligence on its part, and further alleged that the negligence of the plaintiff was the proximate cause of her injuries.

At the conclusion of plaintiff's proofs counsel for defendant moved for a directed verdict, urging in support thereof that plaintiff had failed to produce evidence of actionable negligence on defendant's part, that if a dangerous condition existed at the time of the accident, as claimed by plaintiff, there was no showing that defendant had notice thereof, and that plaintiff had not sustained the burden of establishing freedom on her part from contributory negligence. The court reserved decision on the motion, whereupon defendant proceeded with its proofs.

Following the conclusion of the testimony the motion for a directed verdict was renewed. Decision was again reserved and the case was submitted to the jury, by which a verdict for the plaintiff in the sum of $2,000 was returned. Thereafter defendant moved for judgment notwithstanding the verdict. The motion was granted on the ground that plaintiff was guilty of contributory negligence as a matter of law.

No specific finding with reference to defendant's alleged negligence was made by the trial judge, but the basis for the granting of the motion suggests that he either concluded that there was sufficient evidence to support the finding of the jury that defendant was negligent or that he assumed, for the purposes of the determination of the motion, that such was the case. The first alternative is suggested by a statement in the court's opinion that "it may be found as a fact that one of the legs or supports of the swing did extend out into the open space beyond the lane of other merchandise." It may be noted further that in discussing defendant's motion for a directed verdict at the time it was made the court referred to the proofs offered on behalf of the plaintiff indicating that the support of the swing extended out into the aisle or passageway in which plaintiff fell.

Plaintiff has appealed, claiming that the trial court was in error in setting aside the verdict of the jury and rendering judgment for defendant. It is urged in her behalf that under the testimony the question whether she had established her freedom from contributory negligence was an issue of fact to be determined by the jury. Defendant insists that the conclusion of the trial judge as to plaintiff's negligence in failing to keep a proper outlook for her own safety was correct, and that the motion for judgment notwithstanding the verdict might properly have been determined in defendant's favor on the ground that actionable negligence on its part had not been established by the proofs.

Plaintiff testified on the trial that on the date of her injuries she went into defendant's store for the purpose of buying a certain article of merchandise, that she was accompanied by a friend, and that they took the elevator to the sixth floor of the store. After looking over the merchandise there for several minutes, plaintiff failed to discover the article for which

she was searching. She then had some conversation with defendant's clerk, who told her that she might find the desired article on another floor. Plaintiff claims that thereupon she turned to follow the aisle or passageway to the elevator, and fell after proceeding a short distance. The following testimony indicates her version of the occurrence:

"*Q.* She thought you might find it on another floor, what did you do then?

"*A.* I just turned to leave, and then down.

"*Q.* Tell us what happened?

"*A.* Then is when I fell. Took a few steps.

"*Q.* Did you see anything before you fell?

"*A.* No, I didn't.

"*Q.* Do you know how you got the fall, what caused you to fall?

"*A.* Well, it was that brace on a child's lawn swing, coming out into the aisle.

"I did not see the brace on the swing before the accident, but saw it afterwards. I can't describe the brace clearly. It was kind of dark in color."

And further, on cross-examination, plaintiff testified when questioned with reference to the passageway and her fall:

"*Q.* You said you thought it was about 3 feet wide. Isn't the opening about two feet wide?

"*A.* Well, I think it was perhaps wider than that.

"*Q.* You think it was wider than that now?

"*A.* Yes.

"*Q.* What was it you caught your foot in, do you know?

"*A.* Well, I caught it against the swing, the swing, the braces of the swing."

Mrs. Hazel Reed, who was with plaintiff at the time of the accident, testified in part as follows:

"*Q.* You came back into this aisle and from your own observation saw what happened?

"*A.* Yes.

"*Q.* You don't know whether this young lady sitting there is the clerk or not?

"*A.* No. And then as I said, she turned and walked back of her counter, I faced Mrs. White, just as Mrs. White turned to come then she took one step, she either caught her heel upon the swing or her toe and went down just like that, in an instant. Of course, I dropped my purse and grabbed her and I said 'why, Mrs. White;' then I noticed the swing came down across the aisle and turned to the main passageway.

"*Q.* Then after Mrs. White fell you noticed a portion of the swing came out into the passageway?

"*A.* That is right.

"*Q.* Now can you describe that swing, do you recall what it looked like?

"*A.* Well, it was, the head, the swing itself hung between these braces, there was 4 legs on it if I remember right and they set kind of corner ways so one of these legs stuck into the passageway, it wasn't straight at all, it looked like it had been set kind of corner ways, so one leg was across the main—into the aisle. It wasn't clear across but it was out into the aisle.

"*Q.* It wasn't out way across the aisle?

"*A.* No, sir.

"*Q.* But this leg stuck out in the aisle about how far?

"*A.* Probably was out there, looked like this sort, you know, it came down with a shoe on it across like (indicating), with a kind of brace that laid right flat on the floor.

"*Q.* Did you notice the color of the swing?

"*A.* Gray and red.

"*Q.* Gray and red. Do you recall whether the legs were painted any different color than the rest of the swing?

"*A.* They were gray and dark.

"*Q.* What color was the floor in the passageway?

"*A.* Well, varnished or oiled floor, whatever they have in the store. It was dark too. It was around 2 o'clock in the afternoon.

"*Q.* Had you noticed that swing that Mrs. White fell over before the accident occurred when she fell?

"*A.* Well, just as I had come under looking at it, is all.

"*Q.* You had come under one part of it?

"*A.* Yes.

"*Q.* Was it high enough so you could walk under it without ducking?

"*A.* Yes, perfectly high enough so I could walk under.

"*Q.* You had come out of the aisle into where it was displayed?

"*A.* Yes.

"*Q.* Did you walk, when you walked under it, were you out of the aisle into the display part?

"*A.* Yes, sir, that is right.

"*Q.* So you didn't walk under one part of it as you were walking in the passageway?

"*A.* No.

"*Q.* Now, did these legs as you describe them, did they come straight down from the ends of the swing that angled into the passageway over which Mrs. White tripped and fell?

"*A.* Yes, sir.

"*Q.* And you think it protruded out into the aisle, one portion of it, approximately a foot?

"*A.* Well, yes, it was sticking out all of that far. I helped Mrs. White to her feet. The clerk took hold of Mrs. White and I shoved the swing back out of the passageway. It was so heavy I could barely move it. I had to take all my strength. I am not puny and I had to work hard to shove it back out of that passageway, which I did."

Plaintiff's further testimony indicated that she saw the swing but did not notice, as she turned to proceed down the aisle to the elevator, that the sup-

port extended into the aisle in the manner claimed by herself and her witness. Defendant insists that failure to make observations along the floor before starting towards the elevator was negligence as a matter of law. As before noted, the trial court in determining the motion for judgment notwithstanding the verdict agreed with such contention. Plaintiff insists that she had no reason to anticipate any obstruction or other hazard in the passageway, and that under the circumstances to which she and her witness testified it cannot be said, as a matter of law, that she did not exercise for her own safety the requisite degree of care.

It has been repeatedly held by this Court that on appeal from a judgment for defendant notwithstanding the verdict of a jury the testimony must be viewed in the light most favorable to plaintiff. *Wimmer* v. *Colman,* 307 Mich 413; *Waskelis* v. *Continental Baking Co.,* 310 Mich 649; *Swartz* v. *Dahlquist,* 320 Mich 135. Such rule obtains in the case at bar, notwithstanding inconsistencies in the testimony of plaintiff and her witness. *Yampolsky* v. *Smith,* 320 Mich 647. While defendant was not the insurer of the safety of plaintiff, it was its duty to use proper care to provide a reasonably safe place for her as a customer on its premises. *Hulett* v. *Great Atlantic & Pacific Tea Co.,* 299 Mich 59.

Bearing in mind the nature of defendant's duty, we think that the issue as to its negligence was, under the record, a question of fact for the jury. If plaintiff's testimony, and that of her witness, was correct, there was a clearly defined aisle or passageway into which the base of the swing projected a sufficient distance to create a hazard. Defendant's claim that it had no notice of such situation, if it existed, is not tenable. It is in effect based on the assumption that a third party, without the knowledge of defendant's employees and without reason-

able opportunity on their part to become aware of the altered situation, had moved the swing in such manner as to cause the extension into the aisle. There is nothing in this record to justify such an assumption or inference. The jury was entitled to conclude from the evidence that the swing at the time of the accident was in the position in which defendant's employees had placed it. Knowledge of the condition so created was chargeable to defendant. *Wine* v. *Newcomb, Endicott & Co.,* 203 Mich 445; *Hulett* v. *Great Atlantic & Pacific Tea Co., supra.*

This brings us to a consideration of the principal issue in the case, namely, whether the trial court was correct in holding that plaintiff was guilty of contributory negligence as a matter of law. If under the testimony presented the minds of reasonable men might honestly have reached different conclusions with reference to the matter, the question was properly for determination by the jury as an issue of fact. *Nezworski* v. *Mazanec,* 301 Mich 43; *Keech* v. *Clements,* 303 Mich 69; *Lane* v. *B & J Theatres, Inc.,* 314 Mich 666.

In *Nezworski* v. *Mazanec, supra,* this Court sustained a verdict in favor of the plaintiff who was injured on defendant's premises by falling from a platform. She was at the time an invitee. In reaching the conclusion that she was not guilty of contributory negligence as a matter of law, it was said (p 63):

"Plaintiff was not under obligation, as a matter of law, to look for an unsafe condition of the platform. She was not guilty of contributory negligence in failing to look out for danger where there was no reason to apprehend danger."

Likewise in *Hulett* v. *Great Atlantic & Pacific Tea Co., supra,* the following statement is found in the opinion:

"Plaintiff could not be said, as a matter of law, to be under obligation to look for an unsafe condition of the floor. Negligence will not be imputed to plaintiff for failing to look out for danger if, under the surrounding circumstances, she had no reason to suspect that such danger was to be apprehended. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich 580; *Corey* v. *Hartel,* 216 Mich 675."

Assuming that the accident happened in the manner claimed by plaintiff and her witness, we do not think it can be said as a matter of law that plaintiff was guilty of negligence in failing to discover that the flat portion of the swing support extended into the passageway. Under the testimony in the record it cannot be said that the minds of reasonable men might not differ on such issue. No claim is made that the issues of negligence, contributory negligence, and proximate cause were not submitted to the jury under proper instructions. The trial court was in error in setting aside the verdict.

The case is remanded to the trial court with directions to set aside the judgment in defendant's favor, entered on the motion *non obstante veredicto,* and to enter a judgment in accordance with the verdict of the jury. Plaintiff may have costs.

BOYLES, C. J., and NORTH, BUSHNELL, and SHARPE, JJ., concurred with CARR, J.

DETHMERS, J. (*dissenting*). I am unable to concur with Mr. Justice CARR in reversal.

The facts in this case are not similar to those in *Keech* v. *Clements,* 303 Mich 69, or *Lane* v. *B & J Theatres, Inc.,* 314 Mich 666, in which the presence of dangerous conditions were obscured or rendered difficult of discernment by defendants' failure to furnish adequate lighting; nor like those in *Nezworski* v. *Mazanec,* 301 Mich 43, in which a dangerous condi-

tion was not only concealed in shadow or darkness, but disguised by physical conditions presenting the false appearance of safety. Neither does *Hulett* v. *Great Atlantic & Pacific Tea Co.*, 299 Mich 59, seem to me to be in point inasmuch as it did not involve, as does the instant case, the presence of an object or obstacle in plain view, but only plaintiff's failure therein to observe a slippery floor condition which caused her to fall.

In the instant case plaintiff saw the upper part of the swing with its diagonal legs extending downward and outward at an angle to the floor. From that observation she must or should have known that the bottom of 1 of the legs extended out into the aisle directly in front of her. Had she permitted her gaze to travel down the swing's leg to the floor, she would have observed its position in the aisle. Had she looked ahead of her to see where she was about to step, she would have seen the leg or brace of the swing before her.

In *Goodman* v. *Theatre Parking, Inc.*, 286 Mich 80, this Court, in holding plaintiff guilty of contributory negligence as a matter of law, said:

"Ordinary prudence demands that a view be taken of the place where one is about to step. Plaintiff failed to take such view and, even if defendant was negligent in permitting the cinder to remain upon the lot, plaintiff's contributory negligence bars recovery."

In *Evans* v. *Orttenburger*, 242 Mich 57, this Court held plaintiff therein guilty of contributory negligence as a matter of law in stepping backward into an open stairway without looking to observe its presence.

In *Neal* v. *Cities Service Oil Co.*, 306 Mich 605, plaintiff had passed and for some moments stood near, but failed to observe, an open trap door into

which he fell as he stepped backwards. He was held to be guilty of contributory negligence as a matter of law.

Applicable here is what this Court said in *Garrett* v. *W. S. Butterfield Theatres, Inc.*, 261 Mich 262, in which plaintiff failed to see and, in consequence, fell down a step leading from one floor level to another:

"The situation contained no element of a trap. A reasonably prudent person, watching where he was going, would have seen the step."

Directly in point, it seems to me, is *Laughton* v. *City of Detroit,* 263 Mich 224, in which the plaintiff, in the nighttime, saw a sign and diagonal brace supporting it, erected in a public place, but failed to observe that the brace was attached to an angle iron which was fastened in the concrete and extended about 3 inches above it and was of the same color as the wet concrete, making it difficult to see. In going around the sign and brace he caught his toe on the angle iron and fell, sustaining injuries. In holding plaintiff guilty of contributory negligence as a matter of law this Court said:

"When the plaintiff saw the obstruction and the diagonal brace supporting it, he should have known that it was attached in some way to the concrete. It appears that the street at that point was well lighted. It was incumbent on him to use reasonable care in passing around the sign, *and that we find he did not do.*"

In view of these decisions, plaintiff's failure to see what was plainly there to be seen, particularly after she had or should have been warned of its presence by her observation of part of the swing, rendered her guilty of contributory negligence as a matter of law, barring her right to recover.

The judgment *non obstante veredicto* in favor of defendant should be affirmed, with costs to defendant.

REID and BUTZEL, JJ., concurred with DETHMERS, J.