EVANS v. ORTTENBURGER.

1. NEGLIGENCE — MAINTENANCE OF STAIRCASE—STOREKEEPERS—OB-
SCURING VIEW OF STAIRCASE.

The maintenance by a storekeeper of a staircase leading
to the basement, which was protected at the front and sides
and having its entrance open from the rear, was not in
itself negligence; but stacking goods about it so as to
obscure it from view would constitute negligence.

2. SAME—DUTY OF STOREKEEPER.

A storekeeper is required to maintain his store premises
in a reasonably safe condition for customers.

3. SAME—DUTY OF NORMAL PERSONS TO USE FACULTIES.

The law requires that normal persons of mature years,
possessed of their faculties, should exercise them for their
own protection.

4. SAME — OBSCURING VIEW OF STAIRCASE — CONTRIBUTORY NEGLI-
GENCE.

Although a storekeeper was negligent in stacking goods
around the railing of a staircase leading to the basement
so that it could not be seen by one approaching from the
front, a customer who passed safely by and came to a
position where the view of the entrance open from the
rear was unobstructed, and who, without looking, backed
into it, fell, and was injured, was guilty of contributory
negligence precluding recovery.

Error to St. Clair; Tappan (Harvey), J.    Submitted
January 13, 1928.    (Docket No. 24.)    Decided Feb-
ruary 14, 1928.

Case by Josephine A. Evans against Ernest W.
Orttenburger for personal injuries.    Judgment for
defendant.    Plaintiff brings error.    Affirmed.

¹Negligence, 29 Cyc. p. 470; ²Id., 29 Cyc. p. 455; ³Id., 29 Cyc.
p. 513; ⁴Id., 29 Cyc. p. 513; 21 L. R. A. (N. S.) 456; L. R. A. 1915F,
572; 33 A. L. R. 181; 43 A. L. R. 866; 46 A. L. R. 1111; 20
R. C. L. 66; 5 R. C. L. Supp. 1077; 6 R. C. L. Supp. 1179.

*John B. McIlwain* (*Henry Baird,* of counsel), for appellant.

*Walsh, Walsh & O'Sullivan,* for appellee.

McDONALD, J.    This action was brought to recover damages for personal injuries which the plaintiff received by falling into an unguarded stairway in the defendant's store.    The defendant owns and operates a leather goods store in the city of Port Huron, Michigan.    The first floor is connected with the basement by means of a stairway which runs lengthwise with the store and is 25 or 30 feet from the entrance.    The stairway opens toward the rear of the store and is about 5 feet in width.    At the time of the accident, the front and sides of the stair railing were hidden from the view of one approaching from the front of the store.    On the 23d of December, 1924, at about 11:30 a. m., the plaintiff entered the store for the purpose of purchasing a sewing basket.    She passed toward the rear and discovered the article she wanted on an upper shelf.    In stepping backwards to get a better view of it, she fell into the open stairway and was seriously injured.    She bases her action on the negligence of the defendant, which she says consisted in maintaining an unguarded stairway obscured from the view of customers by merchandise piled about it for the purpose of display.    In defense to the action, the defendant contends that the sole cause of the accident was the plaintiff's negligence in failing to give attention to her surroundings.    On these grounds, at the close of the proof, the defendant moved for a directed verdict.    The motion was denied and both questions were submitted to the jury.    The verdict was no cause of action.    The plaintiff has brought error.

The errors assigned relate to the admission and exclusion of evidence, to the court's refusal to submit

certain of the plaintiff's requests to charge, and to the charge as given. As we are convinced from our examination of the evidence that the plaintiff was guilty of contributory negligence as a matter of law and therefore cannot recover, it will not be necessary to discuss the errors assigned.

The maintenance of this stairway was not in itself negligence. If there was any negligence on the part of the defendant, it was in obscuring the view of the stairway from his customers by piling merchandise about it. If there was any negligence on the part of the plaintiff, it was in failing to see the stairway, and she would not be guilty of negligence on that account if her view was obscured by the merchandise piled about the railing. It goes without saying that the dangerous part of the stairway is the opening or entrance. That was plainly visible. The testimony seems to be undisputed that at the point where the plaintiff stood when she began to move backwards there was nothing to obstruct her view of the opening. She could have seen it if she had looked. So, unless there was something sufficient to excuse her inattention, she must be held to have been guilty of negligence. She was not being waited on at the time of the accident. She had not been directed by any one to go to that part of the store, though impliedly she was invited to be there. She had gone in at a time when there were only two other patrons there. She could not be immediately waited on. She moved to the rear of the store looking all the time at the shelves to discover the article which she wanted. She passed along close to the railing of the stairway without observing it, though she could have done so notwithstanding the fact that merchandise was piled about it. And while we are not holding that she was negligent in failing to see the stairway at that time, it is an important

fact that neither then nor subsequently did she give any attention to her surroundings. She passed the stairway safely and stopped in front of the baskets which were on a high shelf. About at that point the accident occurred. She testified:

"If there were baskets displayed on the left-hand side of store as large as the one I was looking for I could have seen it if it had been as far away as that picture behind you, about 50 feet. I do not have any trouble with my eyes even if I do wear glasses. They were in good shape. I wore glasses but they were not steamed. I could see very well. * * *

"Q. You never looked away from the north wall of the store and to the left of you from the time that you first saw that basket until you fell into the staircase?

"A. No, sir, I did not. * * *

"Q. When you got opposite the basket you were looking up toward the high shelf, were you?

"A. Yes.

"Q. And then you stepped three or four steps back?

"A. Probably.

"Q. And while you were stepping back you were still looking at this basket?

"A. Yes, sir.

"Q. And then you stepped three or more steps back?

"A. Perhaps.

"Q. Your best judgment?

"A. Yes.

"Q. You did not look where you were stepping at all from the time you were opposite that basket?

"A. You weren't supposed to have to look behind you in a business place, things are supposed to be safe.

"Q. If when you got opposite the basket you had looked around before you backed up you would have seen the stairway right behind you, wouldn't you?

"A. I don't know, I didn't look behind me."

A storekeeper is required to maintain his store premises in a reasonably safe condition for customers, but stairways, such as the one in question, are not unusual in modern store buildings. Merchants have a right to maintain them. But whether or not they are obscured from view by merchandise, the entrance

which the merchant is not required to bar makes a place of danger for a customer inattentive to surroundings.   In the instant case, the defendant was negligent in stacking goods about the railing to the stairway so it could not be seen by one approaching from the front of the store, but the plaintiff was not injured in that part of the store.   The entrance to the stairs was not in the line of her passage.   She had gone by the stairway and was in a position where her view was unobstructed.   If she had looked before twice stepping backward the accident would not have happened.   The law requires that normal persons of mature years, possessed of their faculties, should exercise them for their own protection.   This the plaintiff failed to do, but relied on the assumption that "in a business place things are supposed to be safe." A similar claim was urged in *Larned* v. *Vanderlinde,* 165 Mich. 464.   In disposing of the question, this court said:

"The fifth request went so far as to ask an instruction that she could not be found guilty of contributory negligence 'even though she might have seen the opening had she looked,' upon the theory that every one has the right to assume that the floor of a store is perfectly safe.   Counsel asks us to apply to stairs rules that would be quite strict enough in cases of trap doors or holes in the floor, where there was no reason to expect them, and where naturally they would not be seen.   There was no error in refusing this request."

In the instant case, the undisputed evidence shows that the plaintiff did not observe the stairway because she did not look.   She was careless in moving backward without knowing what was behind her.

The following language of *Larned* v. *Vanderlinde, supra,* is applicable:

"One is negligent if he allows such a flight of stairs to escape his notice, from no other reason than mere inattention to his surroundings."

It is our view that the plaintiff was guilty of contributory negligence. and therefore cannot maintain her action.

The judgment is affirmed, with costs to the defendant.

NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred.   FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.