LINDOW v. MUDGE.

1. APPEAL AND ERROR—EXCHANGE OF PROPERTY—FRAUD—QUESTION RAISED FOR FIRST TIME ON REVIEW.

Where, in action for fraud in exchange of property, there was no objection to admission of testimony regarding misrepresentation relied on, no assignment of error on charge of court in relation thereto, and no request for instructions thereon in accordance with defendants' claim, raised for the first time on review, that misrepresentation relied on did not constitute fraud because it was not of an existing fact but was promissory only, judgment for plaintiffs may not be reversed on said ground.

2. EXCHANGE OF PROPERTY—FRAUD—RESCISSION—PLACING PARTY IN STATU QUO.

In action for fraud in exchange of city property for farm, defendants' motion for directed verdict on ground that plaintiffs were unable to place defendants *in statu quo* because personal property on farm had been sold was properly denied; court correctly instructing jury that plaintiffs should be charged with value of such property.

3. HUSBAND AND WIFE—FRAUD—WIFE RECEIVING PART OF PROFITS MAY NOT PLEAD COVERTURE.

Where, in action against husband and wife for fraud in exchange of property, wife testified that husband in real estate deals always took title in them both as tenants by entireties, and that profits made were deposited in their joint names, she may not plead coverture to keep money thus fraudulently obtained.

4. EXCHANGE OF PROPERTY—FRAUD—WEIGHT OF EVIDENCE.

Verdict for plaintiffs *held*, not against overwhelming weight of evidence.

5. DAMAGES—EXCESSIVE VERDICT.

Where there was testimony justifying amount of verdict and also verdict for lesser amount, but testimony

On duty of party seeking to rescind contract for exchange of real estate to place other party in status quo, see annotation in 30 L. R. A. 44.

. sustaining lesser amount did not greatly preponderate, verdict of jury approved by trial judge should not be set aside by Supreme Court as· excessive.

6. NEW TRIAL—NEW QUESTIONS MAY NOT BE RAISED ON MOTION FOR NEW TRIAL.

Motion. for new trial on ground that verdict was against weight of evidence and excessive may not be made vehicle of raising questions not raised on· trial.

Error to Wayne; Dunham. (Major L.), J., presiding. Submitted June 4, 1929. (Docket No. 17, Calendar No. 33,888.) Decided September 4, 1929.

· Case by Herman Lindow and another against Harry E. Mudge. and another for fraud in the exchange of real estate. From a judgment for plaintiffs, defendants bring error. Affirmed.

*LeRoy W. Belongy* and *Frank P. Darin (Edgar C. Ashmead,* of counsel), for plaintiffs.

*Frank A. Martin* and *H. B. Zirkalose,* for defendants.

FELLOWS, J. Plaintiffs traded property in the city of Detroit with defendants for a farm in Livingston county. They filed a bill to rescind after the property transferred to defendants had been sold to parties who upon this record were good-faith purchasers. After a hearing the case was transferred to the law side, the court finding in the order that defendants were guilty of fraud. The propriety of making this order or of its contents is not questioned. The case was tried to a jury without any change of pleadings and upon the theory that a fraud was perpetrated on plaintiffs, the trial judge thus instructing the jury:

"There isn't any claim of fraud or misrepresenting on the part of either Mudge or Moore as to the value of that farm so far as soil and that thing is concerned, but they claim that Moore and Mudge induced them to exchange their property for this farm upon the representation Mudge would furnish them $2,000 with which to go and do the farming; that that is the active fraud they are relying upon here and is the fraud they are seeking in this action to recover damages for."

In this court it is urged that the agreement of Mudge to furnish plaintiffs money to go to farming with was not misrepresentation of existing facts, was promissory only, and did not constitute fraud, and *Boston Piano & Music Co.* v. *Pontiac Clothing Co.*, 199 Mich. 141, is invoked. We have searched this record with care and we fail to find a single place where any such claim was ever intimated in the trial court; there is no assignment of error on the language found in the charge and above quoted; there was a motion for a directed verdict, but it was on entirely other grounds, which will be presently considered; there was no request to instruct the jury along the line of the rule laid down in the cited case; and there was no objection to the voluminous testimony given on the subject. Under cases too numerous to cite, we may not reverse this case on this ground.

There was some personal property on the farm which went to plaintiffs in the deal. They testify that, upon failure of defendant Mudge to furnish money as agreed, they were obliged to sell the personal property in order to live. Defendants' counsel moved for a directed verdict on the ground that this placed plaintiffs in a position where they could not put defendants *in statu quo*. This motion was de-

nied, but the trial judge instructed the jury that plaintiffs must be charged with the value of the property so used. There is no assignment of error on this instruction. There was but little evidence of the value of the personal property in the case, defendants not availing themselves of the opportunity of showing its value. The record signally fails to show that its value was in any degree consequential when the entire amount of the deal is considered. The action of the trial judge was in accordance with the holdings of this court: *Holmes* v. *Borowski,* 233 Mich. 407; *Stowe* v. *Mather, ante,* 329; *Zadel* v. *Simon,* 221 Mich. 180, and authorities there cited. And the rule laid down in these cases and other similar cases is particularly applicable where the property used up is of inconsequential value.

Defendants' counsel here urge that the trial court should have at least directed a verdict for Mrs. Mudge. It is doubtful if the record permits consideration of any separate rights of Mrs. Mudge, but resolving the doubt in defendants' favor does not benefit her. She testified that her husband always took title in them both as tenants by the entireties in his real estate deals and that profits made in them were deposited in their joint names. In *Zadel* v. *Simon, supra,* the same question was before us, and we said:

"In the instant case all four defendants joined in the contract rescinded. Jointly they received and now hold $1,000 of plaintiff's money procured, as the jury found, by fraud. We do not perceive any rule of law which would be violated by requiring them jointly to respond, nor do we perceive that the fact of coverture would permit a married woman to keep money thus fraudulently obtained."

There was a motion for a new trial in which it was urged that the verdict was against the weight of the evidence and excessive. Upon the theory adopted by both parties in the court below as to what constituted fraud, the verdict was not against the overwhelming weight of the evidence or excessive in amount. Upon the question of whether the promise or misrepresentation, whichever it may be called, was made, the plaintiffs' testimony strongly preponderated. Upon the question of plaintiffs' property there were opinions of experienced real estate men justifying the verdict, and also justifying a verdict for a lesser amount. That sustaining the lower figures did not preponderate in a sufficient degree to justify this court as a reviewing court in setting aside the verdict of the jury as approved by the trial judge. Nor may this motion be made the vehicle of raising questions not raised on the trial. *Tishhouse* v. *Schoenberg*, 234 Mich. 271, and authorities there cited.

There are some other assignments of error, general in language, which do not require discussion. Upon the record before us, we cannot do otherwise than affirm the judgment.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.