DOMZALSKI *v*. VER HOVEN.

1. EVIDENCE—HEARSAY—PERSONAL INJURIES.
    In action for injuries received by fall into open stairway leading
    to basement at rear of defendant's garage when plaintiff went
    there in nighttime for toilet purposes on claimed direction of
    defendant's employee, which he denied, his testimony that
    defendant had instructed him not to allow rear of premises to
    be used for toilet purposes was inadmissible as hearsay.

2. APPEAL AND ERROR—EVIDENCE—HEARSAY—HARMLESS ERROR.
    Error in admission of hearsay testimony by defendant's employee
    that defendant had instructed him not to allow rear of prem-
    ises to be used for toilet purposes was not prejudicial, where
    court instructed jury that employee was in actual charge of
    building, and if he directed plaintiff to go to rear it would not
    make any difference whether he had actual authority from
    defendant or not.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DUTY TO LOOK.
    Even if plaintiff was directed to go to rear of defendant's
    garage in nighttime for toilet purposes without warning him
    to look out for open stairway leading to basement, it was his
    duty to look in front of him and see where he was going, and
    to exercise ordinary care.

4. APPEAL AND ERROR.
    Where, in action for personal injuries, questions of fact were
    properly submitted to jury, verdict in favor of defendant
    should not be disturbed, on review, without justification there-
    for.

Error to Wayne; Miller (Guy A.), J. Submitted
January 16, 1931. (Docket No. 27, Calendar No.
35,231.) Decided February 27, 1931.

Case by Walter H. Domzalski against Bernard J.
Ver Hoven for personal injuries received while on

the latter's premises.  Judgment for defendant.
Plaintiff brings error.  Affirmed.

*Harry J. Lippman,* for plaintiff.

*Payne & Payne* (*Edmund E. Shepherd,* of counsel), for defendant.

North, J.  Plaintiff, being in need of tire service,
drove his automobile into defendant's garage located
in Detroit.  While repairs were being made plaintiff went outside and to the rear of the building for
the purpose of urinating.  As he stepped around the
southwest corner of the garage he fell into an open
stairway which leads to the basement.  Because of
the injuries thus sustained plaintiff brought this
suit against defendant, who was the owner of the
garage.  On trial by jury defendant had verdict,
upon which judgment was entered.  Plaintiff has
appealed.

The stairway at the rear of the building was about
16½ feet from the entrance to the garage.  This entrance was electrically lighted both outside and in.
There were no lights between the entrance and the
rear corner or at the rear of the building.  Plaintiff
asserts it was very dark there; but defendant claims
it was partially lighted by inside electric lights
shining through rear windows.  After arranging
for tire service with the man in charge at the time,
plaintiff claims he asked this employee for permission to use the toilet, but was told "someone was in
there" and further that the employee said to plaintiff: "Go on around to the rear of the building."
This conversation was denied by the employee.
Plaintiff went outside and west along the south side
of the building.  At the rear corner he turned to his
right and walked or fell into the stairway.  It was of

cement construction substantially flush with the ground level, three or four feet in width and about seven feet deep. There were guard rails on the side and one end of the stairway but none at the top of the steps, the point where plaintiff fell. Plaintiff asserts that he was an invitee on defendant's premises and defendant was negligent in failing to properly guard this open stairway or to properly light this portion of his premises; and also that defendant's employee was negligent in directing or inviting plaintiff to go there, without warning him of the unsafe condition of this portion of defendant's premises.

As noted, defendant denies that plaintiff was either expressly or impliedly given permission to go to the rear of the building for any purpose. Defendant also contends that the stairway was properly guarded and the premises sufficiently lighted, and that plaintiff's fall was due to his own negligence.

Appellant presents 35 assignments of error. The first six have to do with rulings as to admissibility of evidence. The remainder largely relate to the charge to the jury and the court's refusal to charge as requested by plaintiff.

The testimony discloses that there are two toilets in defendant's place of business. Both defendant and his employee were permitted to testify that the former had given the latter instructions not to allow the rear of defendant's premises to be used for toilet purposes. As to plaintiff this was hearsay and should not have been received; but in this connection the court charged the jury:

"Mr. Crane (the employee) was there in the apparent charge of the building and was in actual charge of the building, and therefore, if he directed Mr. Domzalski to go around back of the building

on to that part of the premises, it was within the apparent scope of his authority and it does not make any difference whether he had actual authority from Mr. Ver Hoven or not."

Considering all the record, we think it cannot be said that but for this bit of hearsay testimony a different result would have been obtained. Many of appellant's assignments, relating to refusal to give his requests or to the charge as given, are predicated upon his contention "that the plaintiff was not bound to exercise ordinary care" to ascertain or observe any dangerous condition "if * * * he was invited to use the rear of the premises." Instead of so holding the trial court charged the jury:

"He (the plaintiff) could not * * * turn around the corner going north around the rear wall of the building with his eyes shut, either literally or figuratively, it was his duty to exercise ordinary care, the ordinary care that any person would exercise, and even though the representative of Mr. Ver Hoven, Mr. Crane, did fail to tell him that there was a staircase there and that it was dangerous and he would have to look out for it. * * * It was his duty to look in front of him and see where he was going and exercise ordinary care."

This was a correct statement of the law applicable to this case. *Brown* v. *Berles,* 234 Mich. 353; *Evans* v. *Orttenburger,* 242 Mich. 57. The charge of the court fully and fairly submitted to the jury the following questions of fact: (1) Did defendant's agent invite plaintiff to go to the rear of the garage? (2) Was the stairway, considering all physical conditions, a place of danger? (3) Was defendant or his employee guilty of negligence? and (4) Was plaintiff guilty of contributory negligence? The verdict of the jury was against the plaintiff. We have con-

sidered all the questions raised by appellant's assignments of error but find no justification for disturbing the judgment entered in the circuit court. It is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.