GOODMAN v. THEATRE PARKING, INC.

1. NEGLIGENCE—AUTOMOBILE PARKING LOT—CARE REQUIRED.
   Operator of an automobile parking lot is not an insurer of the safety of its business invitees but has duty to maintain its premises in a reasonably safe condition and not expose patrons to danger in entering or leaving the lot or in alighting from their cars.

2. SAME—KNOWLEDGE OF DANGEROUS CONDITION OF PREMISES.
   A possessor of land is subject to liability for personal injuries to business visitors by a natural or artificial condition thereon if he knows, or by exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them.

3. SAME—VIEW OF PLACE FOR STEPPING.
   Ordinary prudence demands that a view be taken of the place where one is about to step.

4. SAME—PARKING LOT—SPRAINED ANKLE—CONTRIBUTORY NEGLIGENCE.
   Plaintiff who stepped on a cinder and sprained his ankle as he alighted from his car at defendant's parking lot *held*, guilty of contributory negligence as a matter of law, where the cinder was so large as to render it plainly discernible, even if defendant was negligent in permitting it to remain upon the lot.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 14, 1938. (Docket No. 53, Calendar No. 40,097.) Decided October 5, 1938.

Case by Ernest Goodman against Theatre Parking, Inc., a Michigan corporation, for damages for personal injuries sustained from stepping from a

motor vehicle upon a cinder. Judgment for plaintiff. Defendant appeals. Reversed.

*Collier & Goodman,* for plaintiff.

*Hulett & Coash,* for defendant.

WIEST, C. J. Defendant maintained an automobile parking lot in the city of Detroit. For several years plaintiff, an attorney, had parked his car thereon. July 24, 1936, plaintiff parked his car on the lot and when he went after it found it had been moved to another place where the ground was cinderized. He got in the car and, an attendant appearing to collect pay, and having difficulty in getting money out of a pocket, stepped out on a cinder and sprained his right ankle. He brought this suit and, upon trial without a jury, was awarded $750 damages.

Upon appeal defendant contends that no actionable negligence was shown and, if found, then plaintiff was guilty of contributory negligence in not looking where he stepped.

There was no evidence of how long the cinder had been there or whether misplaced by action of other cars and, therefore, no basis for finding constructive notice and failure thereafter to remove it.

In *Bremer* v. *W. W. Smith, Inc.,* 126 Pa. Super. Ct. 408 (191 Atl. 395), the plaintiff therein alighted from a car upon a parking lot and, as she did so, stepped into a hole about four inches in depth, four inches in width and of unspecified length in the cinder floor of the parking lot and received an injury to her ankle. In reversing the judgment in favor of the plaintiff, the court stated:

"Appellee came upon the premises controlled by appellant at its invitation. Appellant was not an insurer of the safety of its invitee, but it was its duty

to maintain its premises in a reasonably safe condition in view of the contemplated use thereof and the purposes for which the invitation had been extended. As applied to this case, the measure of its duty was to keep the surface of its lot in such condition that its patrons would not be exposed to danger in entering or leaving the parking space, or in alighting from their cars. There was no suggestion that appellant had any actual knowledge of the existence of the hole or depression which caused appellee's fall. So far as the description of the defect given by the appellee and her witness is concerned, it may have been caused by the spinning of the rear wheels of an automobile. But regardless of its cause, appellee had the burden of showing circumstances from which appellant could reasonably be charged with constructive notice of its presence. * * *

"The applicable rule is thus ·stated in 45 C. J., p. 837, § 245: 'In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it.'

"The Restatement of the Law of Torts, under the title 'special liability of possessors of land to business visitors,' sets up under section 343, the following standard of care: 'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them. * * * ,

"In the case at bar there is not the slightest evidence of the length of time during which the alleged defect was permitted to exist, or of its probable cause."

If the cinder was as large as claimed by plaintiff it was plainly discernible.

Plaintiff, however, claims that, as he stepped out, the running board of his car would have shut off view of the cinder had he·looked, but this did not relieve him of the duty of looking where he was about to step, and he testified he did not look.

Ordinary prudence demands that a view be taken of the place where one is about to step. Plaintiff failed to take such view and, even if defendant was negligent in permitting the cinder to remain upon the lot, plaintiff's contributory negligence bars recovery.

Judgment is reversed without a new trial, and, with costs to defendant.

BUSHNELL, POTTER, and CHANDLER, JJ., concurred with WIEST, C. J.

NORTH, J. I concur on ground there is no proof of actionable negligence on the part of defendant.

SHARPE and McALLISTER, JJ., concurred with NORTH, J. BUTZEL, J., took no part in this decision.