NEAL *v.* CITIES SERVICE OIL CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DANGEROUS CONDITION OF PREMISES—STATUS OF PLAINTIFF.

If a plaintiff is guilty of contributory negligence as a matter of law in failing to observe dangerous condition of premises where he is injured, it is immaterial whether he be a licensee or invitee.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.

Care required of licensee in observing condition of premises, see 2 Restatement, Torts, § 340.

3. Same—Contributory Negligence as a Matter of Law—Open Trap Door.

Plaintiff who had passed through small, well-lighted toilet room connecting front sales room and back storeroom of gasoline filling station without having observed open trap door in floor at his right and who had stood some five minutes at doorway leading to storeroom was guilty of contributory negligence as a matter of law in failing to observe open trap door into which he fell as he stepped backwards.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted June 10, 1943. (Docket No. 58, Calendar No. 42,382.) Decided October 11, 1943.

Case by Robert L. Neal against Cities Service Oil Company, a corporation, for personal injuries sustained when he fell through a trap door. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*James H. Cornelius, Charles L. Robertson* and *Henry Fischer,* for plaintiff.

*Bisbee, McKone, Badgley & McInally,* for defendant.

North, J.  This is an appeal by defendant, leave having been granted, in an action for personal injuries resulting when plaintiff fell through an open trap door on defendant's premises.  On trial in the circuit court before a jury, plaintiff was awarded damages in the amount of $500 and costs.  Defendant made a motion for judgment *non obstante veredicto* and a motion for a new trial, both of which were denied.

Defendant operates a gasoline filling station and as the structural plan of the station is of some importance, we describe the pertinent portion in de-

tail. In the front of the building is located the office and sales room, facing the east and the street. In the west wall of the sales room is a door, swinging to the left, which leads into a rest room or toilet. In the west wall of the rest room, and directly opposite the east door, is another door leading into a store room at the rear of the building. The two doors swing inward and to the south, so that when both are open, they are flush with and parallel to the south wall of the rest room. The toilet stool is located in the northeast corner of the rest room and in the northwest corner is a triangular lavatory. In the northwest quarter of the room is a trap door cut into the floor, 2'9" x 3'8" in size, hinged on the east side and so constructed that when the door is open, it rests on its edge and leans against the toilet. There is a galvanized plate on the south lip of the opening. As a result of this construction, there is a free passageway through the rest room and directly between the east and west doors, about 30" wide when the trap door is open, with the south wall of the room being the south wall of the passageway and the open hole in the floor being the north limit of the passageway. The rest room is well lighted with a light over the trap door and the walls of the room are painted a light color. The trap door is kept closed except on occasions when it is necessary to use the stairs which extend from the rest room into the basement.

On August 22, 1941, plaintiff went to the filling station as a result of a conversation with his brother, an employee of the defendant, and relative to obtaining a contribution or donation to be used as a prize at a forthcoming lodge picnic. The manager of the station had the authority from his employer to make such contributions. At the time of plaintiff's visit to the station, both doors of the rest

room were open and the plaintiff's brother was working in the stock room in such a position that he could see such customers as drove up to the pumps, or entered the office. The manager was also working in the stock room and still another employee was engaged in carrying articles into the basement through the open trap door.

As the plaintiff appeared in the office, he was observed by his brother through the open doors. The brother called, "Come back" and plaintiff walked through the well-lighted rest room and stopped in the west doorway thereof. The trap door was open at the time plaintiff came into the rest room and plaintiff walked past the open trap hole and upright door without seeing them. The plaintiff stayed in the west doorway, and facing the stock room, talked generally with his brother and the manager for about five minutes. As plaintiff's brother finished the job he was doing, he started to go to the front office to get the contribution. As his brother passed plaintiff in the narrow passageway, plaintiff stepped backward and fell into the unprotected trap door opening.

Defendant's appeal is principally based on claimed error by the circuit court in instructing the jury that plaintiff was on the premises as an invitee rather than as a licensee and also the claimed failure of the court to rule that plaintiff was guilty of contributory negligence as a matter of law. If plaintiff was guilty of negligence as a matter of law, then we need not here determine whether plaintiff was a licensee or invitee. If plaintiff was negligent, he is precluded from recovery regardless of his status. This rule is so well established as to require no citations.

In contradistinction with many cases where recovery has been granted, it is to be noted that here

the room was well lighted, there were no hidden dangers, nor was there any condition which would not have been discovered had the plaintiff used normal prudence and care for his own safety. Although the plaintiff has denied seeing the open trap door, the record shows no reason why he should not have observed what was clearly to be seen.

In *Goodman* v. *Theatre Parking, Inc.*, 286 Mich. 80, the plaintiff stepped out of his car without looking where he was placing his foot, stepped on a large and plainly discernible cinder and was injured. In reversing this case we said, "Ordinary prudence demands that a view be taken of the place where one is about to step. Plaintiff failed to take such view and, even if defendant was negligent in permitting the cinder to remain upon the lot, plaintiff's contributory negligence bars recovery."

In *Blankertz* v. *Mack & Co.*, 263 Mich. 527, 533, we held: "This court is definitely committed to the holding that one going about in public places or semipublic places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety. If he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune."

The question of plaintiff's contributory negligence was not, under the testimony presented, a question upon which the minds of reasonable men should differ.

"Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion." *Reedy* v. *Goodin*, 285 Mich. 614.

We hold that when an adult possessed of all normal faculties walks into a small, well-lighted room, past such a floor opening as herein described, stands for five minutes near the edge of the opening, and then in a moment of carelessness steps backward into the opening, such person is not using the care that an ordinarily careful person would use in like circumstances. Plaintiff was guilty of negligence as a matter of law.

Judgment is reversed without a new trial and with costs of both courts to defendant.

BOYLES, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred. CHANDLER, J., did not sit.