DeGRAVE *v*. ENGLE.

1. NEGLIGENCE—DIRECTED VERDICT—DOORS—BASEMENT STAIRWAYS.
   The owner and possessor of a residence used as a real estate office was not, as a matter of law, guilty of negligence in failing to have door leading to basement stairway latched so that when plaintiff stumbled and fell or leaned against it, without having intended to use the stairs, she fell down the stairway and was injured.

2. SAME—DISCOVERY OF DANGER.
   Normal persons must exercise their faculties for their own protection in order to avoid injury and must make reasonable use of their sight, hearing and intelligence to discover dangerous situations which may be presented.

3. SAME—EMERGENCY.
   An emergency does not relieve one whose own negligence has occasioned it.

4. NEW TRIAL—NEW ISSUES OF LAW OR FACT.
   Generally, issues of law or fact are not to be raised for the first time on a motion for a new trial.

5. SAME—MASTER AND SERVANT—NEGLIGENCE—BUSINESS INVITEE.
   Plaintiff who visited defendant real estate broker's office for business purposes may not for the first time, on motion for new trial, raise issue as to whether or not she was in relation of an employee to defendant and preclude interposition of defense of contributory negligence.

6. NEGLIGENCE—VERDICTS AND FINDINGS—PROXIMATE CAUSE—EVIDENCE.
   Trial court's finding that personal injuries to plaintiff were solely the result of her own negligence in losing her equi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 38 Am Jur, Negligence, §§ 102, 133, 136.
[2] 38 Am Jur, Negligence, § 189 *et seq.*, § 199.
[4, 5] 39 Am Jur, New Trial, §§ 14, 197.

librium and then falling down stairway after attempting to regain balance by leaning against unlatched door *held,* sustained by record.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 28, 1950. (Docket No. 77, Calendar No. 44,825.) Decided October 2, 1950.

Case by Jo Ann DeGrave against Cecil V. Engle and wife for injuries sustained when she fell down stairway. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Hathaway & Latimer,* for plaintiff.

*Fox & Beers,* for defendants.

REID, J. Plaintiff sued to recover for personal injuries caused by falling down a stairway in defendants' building, plaintiff claiming that the said stairway was improperly constructed and maintained without due regard to safety of persons lawfully using the building. From a judgment for defendants of no cause of action on a directed verdict, plaintiff appeals.

In denying plaintiff's motion for a new trial, the court ruled that as a matter of law defendants were not guilty of negligence and that as a matter of law plaintiff was guilty of negligence causing her injuries.

Plaintiff claims that Mr. and Mrs. Engle, the defendants, operate a real estate business in Muskegon but defendants claim that Mr. Engle operates the business as owner of the business and that defendant Mrs. Engle merely assists her husband. The 2 defendants own the building in question where the accident happened, which building was formerly a residence but is now used as a real estate office.

Plaintiff's own description of the accident is as follows:

"We were going through a business transaction and I wanted to speak on business terms for the Wetzels, so when I wanted to speak to Mr. Engle and I backed up and touched the shoulder against the door and went downstairs and hit my head on the concrete. * * *

"Q. What did you do?

"A. I took a step backwards and brushed my arm against that door and fell on my head.

"Q. What did you intend to do?

"A. I wanted to talk to him on the commission basis of it. * * *

"Q. All right, now, before you backed up into this little areaway, did you see whether it was open or not?

"A. No, I didn't pay any attention, it looked like it was closed.

"Q. As you started toward the back hallway, did you look to see whether it was clear?

"A. Yes, I did.

"Q. Was there any person or object in there?

"A. No.

"Q. And then what did you do?

"A. I stepped back and turned to the door, my back, and had my hand up like that, and it was ajar and I looked through it and went down the stairs and on the concrete.

"Q. Now, what manner did you go into this hallway, did you back toward the door, did you back up?

"A. Well, I turned around and never knew it was there and— * * *

"As I stood motioning toward him, I was standing still. I just motioned like that and took a quarter of a step and the door was open and I touched that to balance myself and went backwards down the steps with my arms out, then I don't remember anything. * * *

"I just motioned like that and stumbled and it was ajar and I went downstairs. * * *

"When I walked into this hallway and had my back toward the basement door and brushed against it, and fell down the basement stairs, I can't say whether I screamed or not. I touched the basement door with my shoulder and just went right through it. It was ajar—must have been, or it wouldn't have opened. Only thing I can say is the lock wasn't caught in it. As I backed into that hallway to motion to Mr. Engle it appeared to me to be shut.  Then I just brushed against the door and went down the stairs.  *  *  *

"I just pushed against the door and fell downstairs."

The court ruled:

"[Plaintiff's] falling against the door was accidental and through no fault of the defendants. *  *  * Plaintiff's losing her balance was an unavoidable accident as far as defendants were concerned. They were not required to guard against persons losing their balance and causing a situation as existed in the instant case. Defendants were not negligent as a matter of law and in any event their negligence was not the proximate cause [of plaintiff's injuries]."

Plaintiff had not intended to use the stairway. Plaintiff does not claim she took a step onto the stairway and that in so doing she was taken by surprise by the nature of the stairway's construction. She was falling before she came in contact with the stairway or even knew of the stairway.

By plaintiff's own testimony it is shown that after she stumbled she leaned against the door to the stairway to regain her equilibrium and the door not being latched but slightly ajar, gave way. Defendants were not guilty of negligence for not latching the door or for not furnishing a safer door for plaintiff to lean against. Plaintiff had fallen before she came in contact at all with even the top step of the stair-

way, the supposed improper construction of which, therefore, was not the cause of her falling.

Plaintiff's negligence in losing her balance and stumbling into the door set into motion an uninterrupted sequence of events that led to her injuries, which events would not have occurred in the absence of her original negligence, which was the sole proximate cause of her injuries.

It cannot be said that defendants were bound to anticipate as ordinarily reasonably prudent persons that plaintiff would accidentally stumble off balance into a door when plaintiff had no intention of using the door and was familiar with the surroundings.

In *Dahlerup* v. *Grand Trunk Western Railroad Co.,* 319 Mich 96, we say at pages 100, 101:

"Normal persons must exercise their faculties for their own protection in order to avoid injury and must make reasonable use of their sight, hearing and intelligence to discover dangerous situations which may be presented. *Johnson* v. *City of Pontiac,* 276 Mich 103; *Evans* v. *Orttenburger,* 242 Mich 57; *Selman* v. *Detroit,* 283 Mich 413.   *   *   *

"An emergency does not relieve one whose own negligence has occasioned it. *Meisenheimer* v. *Pullen,* 271 Mich 509."

On motion for a new trial, plaintiff for the first time sought to raise the question of her relationship as employee for the purpose of precluding the defense of contributory negligence.

This is not a case falling within the exceptions to the general rule that issues of law or fact are not to be raised for the first time on a motion for a new trial. *Mecuwsen* v. *Clough & Warren Co.,* 207 Mich 697. See, also, *Lindow* v. *Mudge,* 247 Mich 624; *Mesh* v. *Citrin,* 299 Mich 527.

We are in accord with the trial court's finding that the accident occurred solely as a result of plaintiff's

own negligence. The judgment appealed from is affirmed. Costs to defendants.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.