COCHRAN *v.* PINTO.

1. NEGLIGENCE — INSTRUCTIONS — STORES — UNBARRICADED HOLE THROUGH FLOOR.

> Court's instruction that in order for plaintiff customer to recover for injuries sustained when he fell through unbarricaded opening through store floor where basement stairway was being built, it was necessary that plaintiff prove by a preponderance of the evidence that the defendant store proprietor or the defendant carpenter contractor was guilty of negligence, that such negligence was a proximate cause of plaintiff's injury and that plaintiff himself was free from contributory negligence *held,* appropriate.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 38 Am Jur, Negligence § 131 *et seq.*; 27 Am Jur, Independent Contractors §§ 27 *et seq.,* 55.

[1, 2, 4, 5] Duty and liability respecting condition of store or shop. 33 ALR 181; 43 ALR 866; 46 ALR 1111; 58 ALR 136; 100 ALR 710; 162 ALR 949.

Negligence of building or construction contractor as ground of liability upon his part for injury or damage to third person occurring after completion and acceptance of the work. 13 ALR2d 191.

Liability of independent contractors for injuries to third persons by defects in completed work. 41 ALR 8; 123 ALR 1197.

Liability of employer for torts of independent contractor on ground that injury was direct and necessary result of stipulated work. 21 ALR 1229.

Nonliability of an employer in respect of injuries caused by the torts of an independent contractor. 18 ALR 801.

2. SAME—INSTRUCTIONS—HOLE THROUGH STORE FLOOR—CONTRIBUTORY NEGLIGENCE—CONTRACTOR'S DUTY TO BARRICADE—QUESTIONS OF FACT.

Submission as a question of fact as to whether plaintiff customer was guilty of contributory negligence in falling through unbarricaded hole in floor of defendant proprietor's store, which defendant carpenter contractor had cut for installing a basement stairway and whether the latter defendant was an independent contractor with duty to barricade the hole or an employee of the other defendant *held*, proper under record presented, where it is obvious that the failure to barricade the hole was the proximate cause of plaintiff's injury.

3. TRIAL—INSTRUCTIONS.

Rules of law are applicable only when dovetailed into the facts.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—STORE CUSTOMER—UNBARRICADED HOLE IN FLOOR—CARPENTER.

Judgment for plaintiff store customer against defendant carpenter contractor is not disturbed on his appeal from denial of his motion for judgment *non obstante veredicto*, where issues of plaintiff's contributory negligence and appellant's duty to barricade hole through floor of codefendant proprietor's store were submitted as issues of fact and testimony on such issues was at variance.

5. SAME — STORE PROPRIETOR — CARPENTER — UNBARRICADED HOLE THROUGH FLOOR.

Whether or not store proprietor was negligent in failing to barricade hole through floor into which plaintiff customer fell is not determinative of liability of codefendant carpenter contractor who had been working on basement stairway and had left the hole unbarricaded the night before, leaving the premises after departure of the proprietor.

NORTH, C. J., and DETHMERS and BUTZEL, JJ., dissenting.

Appeal from Wayne; Brennan (John V.), J. Submitted October 9, 1951. (Docket No. 54, Calendar No. 44,533.) Decided April 7, 1952.

Action by Albert C. Cochran against James Pinto, R. C. Veen and others for damages suffered when he fell through an unguarded hole. Verdict and judg-

ment for plaintiff against defendants Pinto and Veen. Defendant Veen appeals. Affirmed.

*John W. Babcock* (*David A. Goldman,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendant Veen.

BOYLES, J. This is an appeal from a judgment for plaintiff for damages resulting from plaintiff's falling through a hole in the floor of a place of business run by the defendant Pinto.

Defendant Pinto operated a shoe-shining and hat-cleaning business in a leased building on Harper avenue in Detroit, in the back of which were his shoe-shining chairs. He decided to open up and finish the basement of the building and use it for his shoe-shining business. In order to use the basement for that purpose it was necessary to cut a hole through the wood floor and install stairsteps to go into the basement. To cut down the expense Pinto and some of his employees were doing the work of opening and preparing the basement for that use. Pinto concluded that the making and installing of the stairsteps was too much of a carpenter job for him and he hired the defendant Veen, a carpenter contractor, to do that work. They made no written agreement and apparently the work which was to be done by Veen was in part at least left to be decided by them as the work progressed. There is a considerable variance between the testimony of Pinto and that of Veen as to what their agreement was. Veen testified that all he was to do was to cut a hole in the floor, make the stairs and install them. Pinto testified that he, Pinto, had nothing whatever to do with cutting the opening through the floor or in putting in the stairs. Pinto claims that Veen was to com-

plete the job, and to install a railing around the hole. Veen denies it. They did, however, discuss what sort of a railing was to be installed around the opening at the head of the stairs. Whether Veen was also responsible for failing to barricade or protect that opening on September 8, 1945, when the plaintiff fell through the open hole in the floor and was injured, is the principal issue of fact in the case.

Prior to September 7, 1945, Veen built the stair-steps in his own shop and on that date he and his helper cut an opening through the floor of Pinto's place of business and put the stairsteps into place. Veen claims that was all he was to do. Pinto testi-fied that there was still some work for Veen to do, under their agreement, both in installing the stairs as well as putting a railing around the top. They did, on September 7th, discuss and apparently agree upon such a railing to consist of small square paint-ed spindles. They had previously discussed what kind of a railing should be built but Pinto had not concluded what it should be until September 7th. On that day Pinto left the store somewhere about 4:30 or 5 o'clock. Veen and his helper were still there although they were picking up their tools get-ting ready to leave. Veen offered to help "straighten up the place" but Pinto said he was going to take care of everything and clean up. Before Pinto left he instructed some of his employees to pile up the loose boards and clean up the place. Nothing was said about a railing or other protection for the hole in the floor. Veen and his helper left shortly after-ward. The hole through the floor was left open and unprotected.

The next morning about 9:30 Pinto returned to the store and went in with 2 of his employees and plaintiff then came in. Plaintiff was after a hat he had left, gave Pinto the hat check and a dollar bill, and when Pinto had some difficulty in finding plain-

tiff's hat and while plaintiff was attempting to help Pinto look for it he fell through the open hole near the counter and was injured.

Plaintiff sued both Pinto and Veen as well as the owners of the building claiming joint and several liability and concurrent negligence. The case against the building owners was dismissed on motion and the case went to the jury on issues of fact whether either or both Pinto and Veen were guilty of negligence in leaving open the hole through the floor, also whether Pinto was guilty of negligence in failing to provide a safe place for the public to use his store. During the trial Veen moved for a directed verdict at the close of plaintiff's testimony and again at the close of all the testimony. The court reserved decision* and submitted the case to the jury which returned a verdict against both defendants Pinto and Veen. Thereafter counsel for defendant Veen made a motion for judgment *non obstante veredicto* which was denied and judgment entered on the verdict against both of said defendants. Defendant Veen appeals. Defendant Pinto has not appealed.

The principal question involved here is whether there were issues of fact to be submitted to the jury as to whether there was any negligence of the defendant Veen and, if so, whether it was a proximate cause of the accident. Appellant Veen frankly concedes that the cause of the accident was the failure to have a railing around the hole in the floor on the morning of September 8th, and that the crucial question is "Whose failure was it to have a barricade there?" It is apparent from the charge to the jury that the case was tried and submitted on the issue of fact whether Pinto was liable for not providing a safe place of business and also whether Pinto and Veen were both guilty of negligence in leaving the

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1951 Cum Supp § 27.1461 *et seq.*).—REPORTER.

hole open through the floor without any warning sign, barricade or guardrail. The court appropriately charged the jury that in order to find a verdict against either one or both of the defendants the plaintiff must prove by a preponderance of the evidence that such defendant or defendants were guilty of negligence, that such negligence was a proximate cause of plaintiff's injury, and that plaintiff himself was free from contributory negligence. All of these terms were properly defined. The court also referred to plaintiff's claim that the relationship between Pinto and Veen was that of an independent contractor whose duty it was to barricade the opening, and submitted to the jury as an issue of fact whether their relationship was that of an independent contractor or that of an employer and employee or master and servant. We have carefully reviewed the charge and find no merit in appellant's claim of error in the charge in defining contributory negligence or in submitting to the jury the questions of fact.

It is apparent from a reading of the record that there were issues of fact to be submitted to the jury to determine whether Veen was guilty of any negligence which was a proximate cause of the accident, what was the relationship between Pinto and Veen, and whether plaintiff was guilty of contributory negligence. There was testimony pro and con whether Veen had completed the work he was to perform under their agreement when he left the store about 5:30, September 7th, after Pinto had left his place of business, with the opening through the floor left unprotected. It is admitted that when he left about 4:30 or 5 o'clock Pinto instructed his employees to do some work there cleaning up the place, putting away the boards, but there is no testimony that he instructed anyone to cover up or barricade or protect the opening through the floor. There was tes-

timony that it was Veen's job to cut the hole and do the work of installing the stairs, and that Pinto had nothing whatever to do with that work in getting the basement ready for use. There was testimony that Veen had not yet completed his work. There was a dispute in the testimony as to what Veen was to do, how much he was to be paid for it, and what work he was to be paid for. It is admitted that later Veen did install the railing around the head of the stairs and also that some other work in connection with installing the stairs had not been fully completed on September 7th.

The question as to whose duty it was to protect the opening through the floor by a barricade or railing or otherwise developed into an issue of fact based upon the testimony as to all the circumstances. There was also a question of fact as to what was the relationship between Pinto and Veen, as well as whether Veen had completed his work. On the record before us we are not inclined to hold that there were no such issues of fact to be submitted to the jury, or that as a matter of law Veen was not guilty of any negligence which was a proximate cause of plaintiff's accident. Veen left the building about 5:30, September 7th, after Pinto had already left the building, without providing some protection around or over the hole he had made through the floor. Obviously the failure to protect the hole from an accident was the proximate cause of plaintiff's falling through the hole and this was submitted as a question of fact for the jury.

Appellant argues quite persuasively that the plaintiff was guilty of contributory negligence as a matter of law, and relies mainly on *Neal* v. *Cities Service Oil Co.*, 306 Mich 605. The facts in that case are summarized in the headnote (3) as follows:

"Plaintiff who had passed through small, well-lighted toilet room connecting front sales room and back storeroom of gasoline filling station without having observed open trap door in floor at his right and who had stood some 5 minutes at doorway leading to storeroom was guilty of contributory negligence as a matter of law in failing to observe open trap door into which he fell as he stepped backwards."

In the instant case plaintiff had been patronizing this hat-cleaning establishment for 10 years. Three days before the accident he had brought a hat there to be cleaned. On his return later for his hat there was nothing in particular to challenge his attention to any change. The hat counter was along the east wall of the store. The floor opening was nearer the west wall, beginning beyond and back of a counter on that side. Plaintiff gave Pinto $1 and his hat check, in front of the hat counter. When Pinto said "I don't see your hat up here," plaintiff looked up to help Pinto find his hat, took 1 or 2 steps and fell into the hole.

It may be conceded that rules of law are applicable only when dovetailed into the facts. In the instant case the question of plaintiff's contributory negligence was submitted to a jury on proper instructions. The jury concluded that appellant was guilty of negligence which was, at least, one of the proximate causes of plaintiff's injury and that the plaintiff was not guilty of contributory negligence. The case was carefully tried by able counsel before an experienced circuit judge who later denied appellant's motion for judgment *non obstante veredicto*.

In *White* v. *Herpolsheimer Co.*, 327 Mich 462, 470, where the trial court came to a different conclusion and on motion by the defendant set aside a verdict for the plaintiff, the Court said:

"This brings us to a consideration of the principal issue in the case, namely, whether the trial court was correct in holding that plaintiff was guilty of contributory negligence as a matter of law. If under the testimony presented the minds of reasonable men might honestly have reached different conclusions with reference to the matter, the question was properly for determination by the jury as an issue of fact. *Nezworski* v. *Mazanec,* 301 Mich 43; *Keech* v. *Clements,* 303 Mich 69; *Lane* v. *B & J Theatres, Inc.,* 314 Mich 666.   *   *   *

"Under the testimony in the record it cannot be said that the minds of reasonable men might not differ on such issue. No claim is made that the issues of negligence, contributory negligence, and proximate cause were not submitted to the jury under proper instructions. The trial court was in error in setting aside the verdict."

Much of appellant's brief refers to many cases which would establish that Pinto was guilty of negligence in failing to see that the open hole was barricaded or protected, and in opening his store for the public on the morning of September 8th without providing a safe place for the plaintiff, his customer. However, the question of Pinto's negligence is not here, as he has not appealed. But that would not establish that Veen was free from negligence as a matter of law, in leaving the open unprotected hole in the floor when he left at 5:30 on September 7th. There was a variance in testimony on the material issues of fact as to Veen's negligence and plaintiff's freedom from contributory negligence which properly left the several issues on those disputed questions of fact to be submitted to the jury.

Affirmed.

CARR, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J.

DETHMERS, J. (*dissenting*). I do not concur in affirmance. The reasoning and holdings in *Larned* v. *Vanderlinde,* 165 Mich 464; *Evans* v. *Orttenburger,* 242 Mich 57; *Domzalski* v. *Ver Hoven,* 253 Mich 497; *Goodman* v. *Theatre Parking, Inc.,* 286 Mich 80; and *Neal* v. *Cities Service Oil Co.,* 306 Mich 605, lead to the conclusion that plaintiff must be held to have been guilty of contributory negligence as a matter of law for failure to exercise reasonable care to look out for his own safety or to see what was there plainly to be seen, namely the open stairway. Facts in each of these cases have their distinguishing features. I fail, however, to perceive in the factual differences between the instant case and those cited anything of a character warranting a different legal result. Defendant Veen's motions for directed verdict and judgment *non obstante veredicto* should have been granted.

Judgment against defendant Veen should be reversed without a new trial and with costs to him.

NORTH, C. J., and REID, J., concurred with DETHMERS, J. BUTZEL, J., did not sit.