*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHERRYL ANN KELLY,

      Plaintiff-Appellant,

v

ALAN BERNARD GROHOWSKI,

      Defendant-Appellee.

UNPUBLISHED
June 13, 2019

No. 344237
Alpena Circuit Court
LC No. 17-008015-NO

SHERRYL ANN KELLY,

      Plaintiff-Appellee,

v

ALAN BERNARD GROHOWSKI,

      Defendant-Appellant.

No. 344714
Alpena Circuit Court
LC No. 17-008015-NO

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

In Docket No. 344237 of these consolidated appeals[1], plaintiff appeals by right the circuit court's order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) to defendant on the basis that an unlatched, swinging door in defendant's home was an open and obvious condition. In Docket No. 344714, defendant appeals by right the circuit court's order denying his request for offer-of-judgment sanctions under MCR 2.405(D).

---

[1] *Kelly v Grohowski*, unpublished order of the Court of Appeals, entered August 9, 2018 (Docket Nos. 344237 and 344714).

-1-

We affirm the circuit court's grant of summary disposition to defendant in Docket No. 344237, but reverse the circuit court's order in Docket No. 344714, and remand for the court to consider defendant's request for offer-of-judgment sanctions.

## I. FACTS

During a social visit at defendant's home, plaintiff leaned against an unlatched door and fell down the steps to defendant's basement. According to plaintiff, defendant had not warned her that the door swung inwards, opened into a stairwell, and was not latched. Defendant moved for summary disposition on the basis that the swinging nature of a door is an open and obvious danger, and the circuit court granted defendant summary disposition. The circuit court also rejected plaintiff's argument that the "special aspects" exception to open and obvious dangers applied because plaintiff was a licensee.

Defendant subsequently requested offer-of-judgment sanctions. Plaintiff responded that the circuit court should deny defendant's request because defendant's offer of $1,000 for her injuries was not made in good faith. The circuit court ruled that it lacked jurisdiction to consider defendant's motion because plaintiff filed a claim of appeal.

## II. STANDARDS OF REVIEW

This Court reviews de novo a lower court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 116; 839 NW2d 223 (2013). This Court reviews de novo questions of law, including the interpretation of court rules. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007).

## III. OPEN AND OBVIOUS CONDITION

In Docket No. 344237, plaintiff argues that the circuit court erred by determining that the danger posed by an unlatched door that swung out over a stairwell was open and obvious. We also conclude that the danger posed by the swinging nature of an unlatched door is open and obvious.

A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). A premises possessor has no duty to warn of open and obvious dangers. *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012). A danger is open and obvious if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461.

An ordinary door is not a dangerous condition. *Prebenda v Tartaglia*, 245 Mich App 168, 170; 627 NW2d 610 (2001). Ordinary people generally approach doors cautiously. *Id*. Even when an unlatched door abuts a stairwell, a defendant is "not guilty of negligence for not latching the door or for not furnishing a safer door for plaintiff to lean against." *DeGrave v Engle*, 328 Mich 565, 568; 44 NW2d 181 (1950). In this case, the allegedly dangerous condition was an unlatched door abutting a stairwell against which plaintiff leaned. It is reasonable to expect that a person of ordinary intelligence would not lean against a door without a casual inspection to determine whether the door will move. *Prebenda*, 245 Mich App at 170.

Plaintiff seeks to distinguish *DeGrave* on the basis that it was decided when Michigan was a contributory negligence state, rather than a comparative fault state. Duty and causation are separate elements. See *Henry v Dow Chemical Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005) (the elements of negligence include duty of care, breach of that duty, injury, and causation). *DeGrave* discussed duty and causation—or fault—separately. See *DeGrave*, 328 Mich at 568-569. The question in this case is whether defendant owed plaintiff a duty, not whether plaintiff was also negligent. Accordingly, we decline to distinguish *DeGrave* on this basis.[2]

Plaintiff also argues that defendant's violation of a building code established that the door was a dangerous condition. The presence of a building code violation is not sufficient to impose a legal duty on a defendant. *Summers v Detroit*, 206 Mich App 46, 52; 520 NW2d 356 (1994). Accordingly, we reject this argument.

Finally, plaintiff argues that the circuit court erred by ruling that the "special aspects" exception to the open and obvious doctrine did not apply to her because she was a licensee. We disagree.

A landowner may be liable for even an open and obvious danger if it has special aspects "that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm[.]" *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). Special aspects include hazards that are "effectively unavoidable," or present "a substantial risk of death or severe injury[.]" *Id*. at 518. However, this Court has stated that "a possessor of land has *no* obligation to take any steps to safeguard licensees from conditions that are open and obvious." *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001) (emphasis added).

---

[2] We decline to rely on *Kuhn v King*, 330 Mich 49; 46 NW2d 599 (1951), for the same reason. *Kuhn* considered whether plaintiff was contributorily negligent as a matter of law. *Id*. at 52-53. The *Kuhn* decision does not address a premises owner's duty. We similarly find inapposite *Blackwell v Franchi (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 328929); slip op at 3-4, in which this Court held that reasonable persons could disagree regarding whether the dangerous condition at issue was open and obvious. In *Blackwell*, following remand from our Supreme Court, the issue was "whether the defendants owed a duty to the plaintiff with respect to this particular condition *regardless of whether the condition was open and obvious*." *Blackwell v Franchi*, 502 Mich 918, 919; 914 NW2d 900 (2018) (emphasis added). In this case, there was no genuine issue of material fact regarding whether the condition was open and obvious.

-3-

Plaintiff was on defendant's property as a social guest, and therefore, plaintiff was a licensee. See *Stitt*, 462 Mich at 596 ("social guests are licensees who assume the ordinary risks associated with their visit."). Accordingly, the "special aspects" exception to the open and obvious doctrine does not apply to plaintiff. *Pippin*, 245 Mich App at 143. While plaintiff argues that the circuit court misapplied *Pippin*, this Court has routinely applied *Pippin* for the proposition that the special aspects doctrine does not apply to licensees. See *Blackwell v Franchi*, 502 Mich 918, 924 n 4; 914 NW2d 900 (2018) (MCCORMACK, J. concurring). We conclude that the circuit court applied *Pippin* consistently with decisions of this Court.

## IV. PROCEDURAL DEFECTS

In Docket No. 344237, plaintiff also asserts that the circuit court engaged in several procedural defects when granting defendant's motion for summary disposition. We conclude that none of plaintiff's assertions warrant reversal.

First, even were we to conclude that the court's grant of summary disposition was improper when defendant failed to attach documentary evidence to his motion, as required by MCR 2.116(G)(3)(b), any error was harmless. This Court will not modify a decision of the trial court on the basis of a harmless error. MCR 2.613(A). The court's error is harmless if it is not decisive to the outcome in a case. See *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 529; 730 NW2d 481 (2007). In this case, plaintiff provided extensive documentary evidence attached as exhibits to her brief opposing defendant's motion for summary disposition. Accordingly, because the circuit court considered documentary evidence when deciding whether there were genuine issues of material fact in this case, any error would be harmless.

Second, the record does not support plaintiff's assertion that the circuit court granted defendant's motion for summary disposition under MCR 2.116(C)(8). The circuit court noted that defendant moved for summary disposition under MCR 2.116(C)(10), and considered evidence outside the pleadings when deciding the motion.[3] The circuit court's opinion is sufficiently clear that it granted defendant's motion under MCR 2.116(C)(10).

Third, the record does not support plaintiff's assertion that the circuit court improperly relied on an unpublished decision when deciding this case. This Court need not consider an issue that was not the basis of the lower court's decision. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). The court referred to no unpublished opinion in its decision. Accordingly, we reject plaintiff's argument because an unpublished decision did not form the basis of the circuit court's decision.

---

[3] When the circuit court considers documents outside the pleadings when deciding a motion for summary disposition, this Court will treat the motion as though it were granted under MCR 2.116(C)(10). *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000).

## V.  OFFER-OF-JUDGMENT SANCTIONS

In Docket No. 344714, defendant asserts that the circuit court erred by ruling that it lacked jurisdiction to consider defendant's motion regarding offer-of-judgment sanctions.  We agree.

MCR 2.405 contains the rules regarding offers to stipulate to the entry of a judgment.  If a party rejects an offer of judgment, the opposing party is entitled to the costs of defending the action unless the court refuses to award costs.  MCR 2.405(D)(1) and (3).  Generally, once a judgment or order is appealed, the circuit court cannot set aside or amend that order.  MCR 7.208(A).  However, "[t]he trial court may rule on requests for costs or attorney fees under . . . [MCR 2.405] . . . unless the Court of Appeals orders otherwise."  MCR 7.208(J).

The circuit court ruled that it lacked jurisdiction to consider defendant's motion for offer-of-judgment sanctions.  However, the circuit court is generally empowered to rule on requests for costs under MCR 2.405 after a party has appealed a judgment or order, and in this case, this Court had not ruled otherwise.  We decline the parties' requests to consider this issue in the absence of a ruling from the circuit court.  See *Wells Fargo Bank NA v Null*, 304 Mich App 508, 540; 847 NW2d 657 (2014).

Therefore, in Docket No. 344237, we affirm the circuit court's decision to grant summary disposition to defendant.  In Docket No. 344714, we reverse the circuit court's order denying defendant's request for costs, and remand for the court to consider the issue.  We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly

-5-